**Tronzo v. Tronzo**

*Paul A. Davis*, for plaintiff.
*Sidney DeAngelis*, for defendant.

TREDINNICK, J., July 25, 1973.—Plaintiff, in this equity action, seeks entry of a support order against defendant, her husband. In addition, she requests supplemental equitable relief alleged to be authorized under a series of acts: (1) Act of May 23, 1907, P.L. 227, sec. 2, as amended, 48 PS §132; (2) Act of June 11, 1913, P.L. 468, 48 PS §§133-135; and (3) Act of May 10, 1921, P.L. 434, 48 PS §§136-141.

Defendant has filed preliminary objections to the complaint consisting of (1) a motion for a more specific pleading; (2) an assertion that the action is barred by virtue of a prior pending action, and (3) a demurrer. It is these issues that are before the court for disposition.

It is necessary initially to note carefully what plaintiff has set forth in her complaint. For present purposes, these allegations must be accepted as true.

Plaintiff's complaint asserts that she and defendant are husband and wife; that there were two children born of the marriage, not now residing with plaintiff; that defendant constructively separated himself from her without reasonable cause; that de-

fendant, being of sufficient ability, has neglected and refused to support plaintiff and persists in such conduct; that plaintiff and defendant own certain described real estate as tenants by the entirety and in which there is considerable equity; that, in addition, defendant has considerable other unspecified assets, and "a net spendable income after taxes in excess of $120,000 per year"; that plaintiff is "advised, believes and therefore avers that defendant intends to leave the jurisdiction of this Commonwealth to take up residence in some other jurisdiction"; and, finally, that plaintiff had already commenced support proceedings against defendant in the criminal division of this court as of January term, 1973, no. 802.

We commence with the objection of lis pendens. A second action between identical parties involving the same cause of action and relief will be stricken on this basis. In this matter, it is clear that the parties are the same (even though the Commonwealth is a nominal party in the criminal division action). It is equally clear that the relief requested in this action is substantially greater (and thus different) than that sought in the criminal division matter, although the two actions share a request that the court enter a support order against defendant. Thus, there is no basis for dismissal of the action in its entirety because of the pending criminal division action. However, there is no reason to allow the identical claim between the same parties, affording the same relief to be twice litigated. Accordingly, that portion of the complaint in equity which seeks an adjudication that plaintiff is entitled to support and the entry of an order of support is barred by virtue of the pendency of a prior action between the parties involving that precise issue. The claim for support in the equity matter, grounded upon section 1 of the Act of May 23, 1907, supra, 48 PS

§131, which we here strike, is clearly severable from "proceedings . . . against any property real or personal of [the] husband" authorized under section two of that act, 48 PS §132. Indeed, it would appear that they must be severed. In the second of the trilogy of Drummond v. Drummond cases, 414 Pa. 548 (1964), the court stated, at page 552, ". . . where two claims are essentially distinct and rest on different grounds each must be adjudicated separately without any reference to the other (citing cases)."

It was there held that the consolidation of issues involving real estate with the question of entitlement to support amounted to a misjoinder of causes of action. Thus, were we not to dismiss the support phase of this equity action on the basis of lis pendens, it would seem under the Drummond cases, supra, and at 421 Pa. 451 (1966), that a complaint joining these causes of action would have to be stricken, with leave to commence separate action.

There remains the question of whether the complaint otherwise states a cause of action. In order to intelligently approach this question, we must first examine the several Acts of Assembly upon which plaintiff relies, as cited in the first paragraph of this opinion.

Section 2 of the Act of May 23, 1907, supra, 48 PS §132, provides that:

"Whenever any man has heretofore separated, or hereafter shall separate, himself from his wife or children, without reasonable cause . . . and being of sufficient ability, has neglected or refused or shall neglect or refuse to provide suitable maintenance for his said wife or children, proceedings may be had against any property real or personal of said husband necessary for the suitable maintenance of the said wife or children."

The action contemplated by this section of the Act of May 23, 1907, is basically an in rem action: Grimes v. Grimes, 403 Pa. 638 (1961). It is this section alone which is involved in what remains of plaintiff's equity action after striking the support action. Certainly, the Acts of 1913 and 1921, supra, are not involved. These two acts merely deal with procedures through which assets of a husband *against whom an order of support has been entered* may be made to respond to the judicially determined obligation of support. They simply authorize certain methods of execution to enforce the order of support. The procedures set forth therein are available in the support action pending in the criminal division.

The question narrows, then, to this: Has plaintiff pleaded sufficient facts to establish a cause of action under section 2 of the Act of 1907, quoted above? The fair import of section 2 is that where a husband owes a duty of support, proceedings may be had against his "property, real or personal," but only where such proceedings are *"necessary* for the suitable maintenance of the . . . wife or children." (Italics supplied.) The logic of this is apparent when we approach the problem from another direction. If a husband against whom a support order has been entered faithfully pays that order, obviously, there is no necessity to proceed against his property, and no such action could be maintained under this act. It is thus essential, in order to maintain an action under the authority of section 2 of the Act of May 23, 1907, that the complaint state facts which, if true, establish that such relief is necessary.

The usual section 2 situation is that where a husband-father has left the jurisdiction, his whereabouts are unknown, and arrearages on the order have accumulated. Under such circumstances, it is

obviously "necessary" to convert that real estate to cash so that his family may be supported. It may be that other circumstances may trigger liability under that section. But, until an order of support has been entered and a defendant has failed to honor it, we think it a difficult task to establish a necessity to immediately proceed against his real or personal property.

The complaint contains only one allegation that remotely touches upon the question of necessity, in the section 2 sense, and that is the averment that plaintiff has been advised that defendant intends to move to another jurisdiction. Assuming that to be so, that fact cannot support an inference that defendant will refuse to comply with a support order if one is entered. Thus, we perceive nothing in the complaint which establishes any necessity that equity presently interfere with defendant's property.

As noted above, we are doubtful that plaintiff can presently bring herself within the parameters of section 2 of the Act of May 23, 1907, supra. We will, nevertheless, permit her to amend the complaint should she so desire.

## ORDER

And now, July 25, 1973, defendant's preliminary objections are sustained as follows:

1. That portion of the complaint seeking the entry of an order of support against defendant is stricken.

2. The preliminary objection in the nature of a demurrer is sustained. Leave is granted plaintiff to file an amended complaint within 20 day of the date hereof.