458 A.2d 610

**ASSOCIATES COMMERCIAL CORPORATION, a successor to Associates Financial Services Company, Inc., Appellants,**

v.

**L & C BUS LINES, INC., and Green Cab Company.**

**ASSOCIATES COMMERCIAL CORPORATION, a successor to Associates Financial Services Company, Inc., Appellants,**

v.

**Louis M. SABERS, a/k/a L.M. Sabers and Dolores M. Sabers, his wife, individually and acting for and on behalf of L.M. Sabers, Inc.**

Superior Court of Pennsylvania.

Argued Nov. 13, 1980.

Filed April 8, 1983.

---

Reed J. Davis, Pittsburgh, for appellants.

Richard E. Myers, Greensburg, submitted a brief on behalf of appellees.

Before PRICE, CAVANAUGH and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in admitting evidence that appellee debtors had tendered payments to redeem a repossessed bus, and in valuing the bus. Because the existence of redemption payments is central to appellant's cause of action, and because appellant's remaining contentions lack merit, we affirm.

On May 3, 1978, appellant, a creditor, filed complaints in replevin against appellees, debtors, to regain possession of several vehicles, including the bus that is the subject of this appeal. On May 24, after appellant had established the probable validity of its claim at a hearing and posted a $75,000 bond, the court issued a writ of seizure. Acting under the writ, the sheriff seized the bus from appellees. On May 30, appellees answered the complaints. Within fifteen days of the sheriff's seizing the bus, appellees tendered to appellants a sum sufficient to redeem the bus under the terms of the contract, but appellants refused the payment. Appellants sold the bus before trial. After the nonjury trial on April 16, 1979, the lower court held appellees were entitled to possession of the bus. Because appellant had already sold the bus, however, the court awarded appellees the estimated value of the bus, $10,000, less the sum appellees owed appellant and less appellant's costs of retaking, storing, and repairing the bus for resale, a net award of $7,815.88. The lower court en banc denied appellant's exceptions, prompting this appeal.

■■■ Appellant contends the lower court erred in admitting evidence that appellees had tendered the redemption payment within fifteen days of appellant's sending notice of repossession. Appellant argues that this evidence was inadmissible because (1) appellees had not pled the fact of the redemption payment in new matter, and (2) the alleged redemption occurred after the date of appellant's complaint in replevin, and was thus irrelevant to the action. We find the evidence properly admitted. The central questions at trial in a replevin action are whether the contract, deed, or other source of right relied upon grants the plaintiff a right to continued possession of the chattels, and, if so, whether the value of the plaintiff's interest is greater or lesser than the value of the chattels so that the court may properly calculate reimbursement. *See Brandywine Lanes v. Pittsburgh National Bank*, 437 Pa. 499, 264 A.2d 377 (1970); *Whiteman v. Degnan Chevrolet, Inc.*, 217 Pa.Superior 424, 272 A.2d 244 (1970); *Gaspero v. Gentile*, 160 Pa.Superior Ct. 276, 50 A.2d 754 (1947). Appellant, a creditor, asserted a right to possession under a contract on grounds that appellees had not made required "payments." Complaints ¶ 7. Appellees answered that they had made sufficient payments to entitle them to retain possession. Answers ¶ 7. The parties' contract, in addition to specifying installment payments, defining default, and affording appellant a right to repossess the bus upon appellees' default, also afforded appellees a right to redeem the bus, even after appellant's repossessing it, by paying or tendering a specified amount within fifteen days of appellant's notifying appellees' of the repossession.[1] To sustain its cause of action for continued possession of the bus under the contract, appellant was thus required to prove that fifteen days after repossession had lapsed without appellees tendering the required payment. The complaint itself, through the terms of the contract, placed this issue before the court. Even though appellees tendered payment after the filing of

1. Such a right to redeem after repossession must be made part of installment contracts for motor vehicles under the Motor Vehicle Sales Finance Act. 69 P.S. §§ 601–637.

appellant's complaints, as would necessarily be the case under replevin procedure, *see* Pa.R.Civ.P. 1071–1075, evidence that they had done so was relevant and properly before the court.[2]

■ Appellant contends also that the lower court incorrectly valued the bus. The record, however, supports the lower court's findings of fact. A bus dealer, who had originally sold the bus in question, testified as to the current value of a bus of that make, age, and model—a 1975 International Harvester 72-passenger bus—in good condition. Appellant submitted a document showing the total cost of retaking, storing, and repairing the bus for resale was $96. The court could thus infer the bus was in reasonably good condition.[3] Accordingly, we will not disturb the lower court's findings of fact,[4] and thus affirm.

Affirmed.

PRICE, J., did not participate in the consideration or decision of this case.

2. We cannot agree that our holding in *Lewis v. Spitler*, 266 Pa.Superior 201, 403 A.2d 994 (1979), required appellees to have pled the redemption payment. In *Lewis* the defendant had failed to plead in new matter the fact of a payment to a third party, which payment, if pled and proven, might have constituted an affirmative defense to the plaintiff's proving its cause of action for a purchase money resulting trust. Unlike here, however, the "plaintiff's cause of action was complete without reference to … [the] payment." *Id.*, 266 Pa.Superior at 210, 403 A.2d at 998. This redemption payment, or the lack of it, on the other hand is central to appellant's cause of action, and thus properly before the court under the complaint and answer. Accordingly, we agree with the lower court's admitting the challenged evidence.

3. Moreover, even though appellant had resold the bus, it did not disclose the sale price.

4. Appellant contends also that the lower court erroneously ignored the effect of an alleged additional security agreement appellant held against appellees L & C Bus Lines, Inc. and L.M. Sabers, Inc. Appellant attached this security agreement to its complaint against L & C Bus Lines, Inc. and Green Cab Company. No. 3747 of 1978, Superior Court No. 169 Pittsburgh 1980, Exhibit E. Because appellant failed to raise this contention in its exceptions with sufficient specificity to allow the lower court to rule intelligently upon it or the opponent to

prepare himself adequately in advance of argument to address it, the issue is waived. Pa.R.Civ.P. 1038(d); *Canada Dry Bottling Co. v. Mertz,* 264 Pa.Superior 480, 400 A.2d 186 (1979).