Leah E. ROSTOCK & Alana E. Rostock, Co–Exec. of Est. of Carol J. Rostock, Mother, Appellant,

v.

A. Anthony ANZALONE, M.D., & WVHCS Hospital D/B/A Wilkes Barre General Hospital, Appellee.

Superior Court of Pennsylvania.

Argued May 24, 2006.

Filed July 26, 2006.

Daniel L. Thistle, Philadelphia, for appellants.

Edward A. Monsky, Scranton, for Anzalone, appellee.

William J. Aquilino, Scranton, for WVHCS, appellee.

BEFORE: FORD ELLIOTT, P.J., STEVENS and KELLY, JJ.

OPINION BY KELLY, J.:

¶ 1 This is an appeal from an order granting the preliminary objections of Appellees physician and hospital, and dismissing Appellants' complaint with prejudice in a personal injury action based on claims of negligence. We affirm.

¶ 2 On December 1, 2003, Appellants commenced suit against Appellees by filing a complaint containing separate counts which respectively asserted the negligence of each Appellee, and wrongful death and survival actions. The case concerned the death of Appellants' mother from lung cancer; radiographic studies taken following an automobile accident and revealing the presence of a mass in the decedent's right lung were allegedly either not transmitted by Appellee hospital to Appellee Anzalone, whom the complaint identifies as her physician,[1] or went uninvestigated by him. A judgment of *non pros* entered in February of 2004 was opened in March of that year, and after preliminary objections had been addressed, an amended complaint was filed the following June.

¶ 3 On December 1, 2004, Appellants filed a second complaint, identical in all respects to the first, with the sole exception that the second complaint contained the following allegation: "This is a medical malpractice action." (Complaint, 12/1/04, at ¶ 3). Appellees preliminarily objected pursuant to Pa.R.C.P. 1028(a)(6), which provides for objections based on "pendency of a prior action or agreement for alternative dispute resolution," that is, *lis pendens*. The trial court sustained Appellees' preliminary objections, dismissing Appellants' complaint with prejudice and denying their objections to the preliminary objections of Appellee hospital. This appeal followed, asserting first, that the defense of *lis pendens* is unavailable as the two complaints assert different causes of action, and second, that even if the principle does apply, the trial court failed to

---

1. One of the questions this case poses is the existence of a physician/patient relationship between Appellee Anzalone and the decedent.

provide the appropriate remedy, that is, consolidation of the two actions or stay of the second. We disagree in both instances.

> Preliminary objections should be sustained only in cases that are clear and free from doubt. In ruling on whether preliminary objections were properly sustained, an appellate court must determine whether it is clear [ ] from all the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish a right to relief.

*Uniontown Newspapers, Inc. v. Roberts,* 576 Pa. 231, 839 A.2d 185, 196 (2003) (quoting *Pennsylvania AFL–CIO ex rel. George v. Commonwealth,* 563 Pa. 108, 757 A.2d 917, 920 (2000)).

¶ 4 This Court in *Procacina v. Susen,* 301 Pa.Super. 392, 447 A.2d 1023 (1982), has explained that *"lis pendens* is a valid defense only when the parties, the causes of action and the relief sought are the same in both actions." *Id.* at 1025. "[T]he burden is on the moving party to show that in each case the same parties are involved, the same rights asserted, and the same relief sought." *Id.* Assessment of the applicability of a *lis pendens* defense "is purely a question of law determinable from an inspection of the records in the two causes." *Id.* (quoting *Hessenbruch v. Markle,* 194 Pa. 581, 45 A. 669, 671 (1900)). Appellants contend that preliminary objections should not have been sustained on the basis of *lis pendens,* because, lacking the specific designation "This is a medical malpractice action," the 2003 complaint asserts clerical/ordinary rather than professional negligence, a different cause of action. An analysis of the two documents demonstrates otherwise.

¶ 5 As to the first prong of the *lis pendens* test, there is no dispute that the plaintiffs in both cases are Appellants herein, and the defendants in both are Appellees. Moreover, both complaints request precisely the same relief, that is, damages to compensate both Appellants and the decedent's estate for the economic value of the decedent's life, her conscious pain and suffering, reimbursement for general costs and other expenses, and for the psychic value of the expectancy and enjoyment of life. (Complaint, 12/1/03, at ¶¶ 29, 30, 31; Complaint, 12/1/04, at ¶¶ 30, 31, 32).

¶ 6 In fact, the only disagreement concerns the nature of the action, which Appellants, as already noted, insist is based on ordinary negligence in the first case and professional malpractice in the second. The elements of both types of cases are the same: it must be shown that a duty was owed and breached, and that the breach was the cause of harm resulting in damages. *Grossman v. Barke,* 868 A.2d 561, 566 (Pa.Super.2005), *appeal denied,* 585 Pa. 697, 889 A.2d 89 (2005). Except where the acts constituting negligence are within the ordinary knowledge of lay persons, medical malpractice cases require the plaintiff to produce expert evidence demonstrating that "to a reasonable degree of medical certainty, [ ] the acts of the physician deviated from good and acceptable medical standards, and that such deviation was the proximate cause of the harm suffered." *Mitzelfelt v. Kamrin,* 526 Pa. 54, 584 A.2d 888, 891 (1990). Certificates of merit pursuant to Pa.R.C.P. 1042.1–1042.8, averring that there exists a reasonable probability that professional standards have been breached, are required in such cases as is expert testimony. Expert testimony is also required where allegations of corporate liability are involved, unless the hospital's negligence is obvious. *Grossman, supra* at 567.

¶ 7 Here Appellee Anzalone is accused of failure to perform "appropriate follow up" or "to recommend appropriate work

up" for the decedent, to notify the decedent of the x-ray findings, or to maintain proper patient records. (Complaint, 12/1/03, at ¶ 18(a),(c),(d),(e)). These are allegations of professional not clerical failure, as follow up, and work up strongly imply acts of diagnosis and/or treatment which may only be provided by a professional. Moreover, it is inconceivable that a clerical worker would be assigned the task of informing a patient of her potentially fatal condition. Indeed, even if any of these claims, *e.g.*, maintenance of patient records, were to be characterized as purely clerical functions, Appellee Anzalone, as the professional charged with supervising employees in a professional context, would be responsible for their derelictions under the doctrine of vicarious liability. *R.A. by & Through N.A. v. First Church of Christ*, 748 A.2d 692, 699 (Pa.Super.2000), *appeal denied*, 563 Pa. 689, 760 A.2d 855 (2000) (employer liable for negligence of employee where acts performed during course and scope of employment caused harm to third parties). However, no certificate of merit was filed in connection with the 2003 complaint.

¶ 8 The note to Pa.R.C.P. 1042.2 (suggesting the form for a professional liability complaint) recommends inclusion of language in the complaint specifying that the plaintiff is specifically asserting a professional liability claim. Indeed, at oral argument on Appellees' preliminary objections, Appellants' counsel made clear his belief that the statement of purpose was necessary to define a complaint. However, in *Varner v. Classic Communities Corp.*, 890 A.2d 1068, 1073 (Pa.Super.2006), this Court, after examination of the note and despite its recommendation, declined to find that the absence of such language exempts the plaintiff from providing a certificate of merit. Our decision was based in large measure on the conclusion that "it is the substance of the complaint rather than its form which controls whether the claim against a professionally licensed defendant sounds in ordinary negligence or professional malpractice." *Id.* at 1074. *See also Grossman, supra.* As noted above, the judgment of *non pros* entered in the first action after Appellees objected to the absence of a certificate of merit was opened, an amended complaint was filed containing, in expanded language, the same causes of action as the original(s), and the required certificates were submitted.

¶ 9 The foregoing analysis is wholly pertinent, however, only to Appellee Anzalone, as two of the four claims against him differ in substance from those against Appellee hospital. The hospital is accused of negligence in failing "to communicate the findings of a suspicious lung mass to Dr. Anzalone," and "to speak directly to Dr. Anzalone concerning the findings of a lung mass suspicious for malignancy." (Complaint, 12/1/03, at ¶ 22.a, d). In neither case, and especially since no definite diagnosis had yet been made—an omission of which Appellee Anzalone is accused—could a clerical worker, a lay person by definition, interpret the x-rays or convey the results; that would only be done by professional staff. Thus the allegations of corporate negligence implicit in these claims require a supporting certificate of merit and expert testimony. The remaining two averments, which contain allegations that the hospital failed to send copies of CT scans and X-rays, do involve functions which we have elsewhere found to constitute allegations of ordinary negligence. *Compare Cangemi v. Cone*, 774 A.2d 1262, 1266 (Pa.Super.2001), *appeal denied*, 569 Pa. 698, 805 A.2d 518 (Pa.2002) (failure of hospital or radiologist to forward diagnostic report did not require expert opinion to establish negligence). As a

result these claims would survive even in the absence of a certificate of merit.

¶ 10 That they would do so, however, does not affect our resolution of Appellant's second assertion, that the trial court erred in dismissing her complaint rather than consolidating the two actions or staying the later one. This Court in *Crutchfield v. Eaton Corp.*, 806 A.2d 1259, 1262 (Pa.Super.2002), has observed that "[o]nce the defense [of *lis pendens* ] is raised, a court may dismiss **or** stay the subsequent proceedings." (emphasis added).

¶ 11 The first action, which, as noted above, contains both professional and ordinary negligence claims, has never been litigated. Appellee hospital alleges in its brief that trial is scheduled for October 16, 2006, and indeed, the record contains a stipulation concerning discovery deadlines and the production of expert reports. Because of the identity of the averments and remedy requests in Appellants' complaints, there is no necessity for consolidation or stay of the second action, as its claims are represented in the amended complaint in the first.

¶ 12 Order affirmed.