David Morris BARREN, Appellant

v.

COMMONWEALTH of Pennsylvania, Appellee.

Superior Court of Pennsylvania.

Submitted April 1, 2013.

Filed Aug. 2, 2013.

David M. Barren, appellant, pro se.

Michael W. Streily, Deputy District Attorney and Rebecca G. McBride, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

BEFORE: GANTMAN, OTT, and FITZGERALD,* JJ.

OPINION BY FITZGERALD, J.:

*Pro se* Appellant, David Morris Barren, appeals from the order entered in the Allegheny Court of Common Pleas dismissing his action in replevin. The trial court reasoned that his action requested the same relief he sought in a pending criminal matter. Appellant contends that the court erred because the relief requested was not the same, Pa.R.Civ.P. 1079.1 permits him to pursue the instant case, and dismissal would violate the Pennsylvania and United States Constitutions. We hold that when a litigant institutes a civil action against the Commonwealth requesting the same relief sought from the Commonwealth in a pending criminal action, the doctrine of *lis pendens* permits the court to dismiss the civil action. We therefore affirm.

* Former Justice specially assigned to the Superior Court.

In 2004, Appellant was arrested and charged with multiple crimes in Somerset County. According to Appellant, all of the charges were dismissed on February 20, 2004. On December 28, 2011, Appellant filed a motion in that criminal matter pursuant to Pa.R.Crim.P. 588(A), seeking the return of property that he alleged the Commonwealth illegally seized from him during his 2004 arrest. Appellant's Rule 588(A) Mot., 12/28/11, at 1–2. The Somerset County trial court has not ruled on the motion.

On September 2, 2012, Appellant instituted the instant Allegheny County action in replevin pursuant to Pa.R.Civ.P. 1075.1. Appellant requested the trial court to issue a writ of seizure to return the same property requested in his Somerset County criminal action. Appellant's Compl., 9/2/12, at 8 ("[Appellant] avers that he has attempted to retrieve the improperly seized property by filing a Pa.R.Crim.P. Motion for Return of Property 588(A) on December 28, 2011.").

On October 25, 2012, the instant trial court *sua sponte* dismissed this case without prejudice because of the outstanding Rule 588(A) motion in Somerset County. Appellant filed a timely notice of appeal. The trial court did not order Appellant to comply with Pa.R.A.P. 1925(b).

Appellant presents the following question for review:

Whether [Appellant's] Action in Replevin filed in this case was justly adjudicated according to Pennsylvania Statutes and Law.

Appellant's Brief at 2. Appellant contends that the trial court erred in dismissing his action in replevin because the Rule 588(A) motion filed in his criminal matter is not an "Action in Replevin." *Id.* at 4. Appellant further asserts that Pa.R.Civ.P. 1079.1 entitles him to pursue his action in replevin and that the court's dismissal violated the Fourteenth Amendment to the United States Constitution and Article I of the Pennsylvania Constitution. We hold that Appellant is not entitled to relief.

When two lawsuits are pending, the common law doctrine of *lis pendens* permits the dismissal of the newer suit if both suits involve the same parties, the same relief requested, the same causes of action, and the same rights asserted. *PNC Bank, Nat. Ass'n v. Bluestream Tech., Inc.*, 14 A.3d 831, 836 (Pa.Super.2010). One of the purposes of *lis pendens* is to protect a party from being forced to litigate the same issues in several suits at the same time. *Penox Technologies, Inc. v. Foster Med. Corp.*, 376 Pa.Super. 450, 453, 546 A.2d 114, 115 (1988). *Lis pendens* also serves the purpose of saving judicial resources. *Norristown Auto. Co., Inc. v. Hand*, 386 Pa.Super. 269, 273–74, 562 A.2d 902, 904 (1989). Likewise, *lis pendens* prevents the appearance of the inequitable administration of law that would occur if two cases litigating the same issues in different counties reached different results. *Id.*

"[A]pplication of *lis pendens* is purely a question of law. Therefore, as to application of the doctrine, our scope of review is plenary. *Siekierda v. Dep't of Transp., Bureau of Driver Licensing*, 580 Pa. 259, 860 A.2d 76 (2004)." *Hillgartner v. Port Auth. of Allegheny County*, 936 A.2d 131, 139 (Pa.Commw.2007);[1] *see also Procacina v. Susen*, 301 Pa.Super. 392, 395, 447 A.2d 1023, 1025 (1982). Although *lis pendens* is typically asserted as a defense, the Superior Court may affirm the dismissal of a case where "the complete records from two actions are available for

---

1. Although decisions by the Commonwealth Court are not binding on this Court, we may adopt their analysis. *Beaston v. Ebersole*, 986 A.2d 876, 881 (Pa.Super.2009) (*en banc*).

review...." *Lowenschuss v. Selnick,* 324 Pa.Super. 193, 199, 471 A.2d 529, 532 (1984). This Court may affirm the trial court's decision on any basis supported by the record. *Dietz v. Chase Home Fin., LLC,* 41 A.3d 882, 890 n. 7 (Pa.Super.2012).

■ Whether a party is a "plaintiff" or a "defendant" is irrelevant for the purpose of the "same parties" element. *See Norristown,* 386 Pa.Super. at 275, 562 A.2d at 905. For example, in *Norristown,* the plaintiff-employer fired the defendant-employee. *Id.* at 271, 562 A.2d at 902. The employee subsequently sued the employer for breach of contract arising from his termination. *Id.* Later that same day, the employer sued the employee in a different county for fraud arising from the same factual events. *Id.* We concluded that the parties in both cases were the same for purposes of *lis pendens. Id.* at 275, 562 A.2d at 905.

■ With respect to the "causes of action" and "rights asserted" elements, this Court has not applied *lis pendens* when one case was criminal and the other was civil. However, the court of common pleas has addressed an analogous situation in *Tronzo v. Tronzo,* 63 Pa. D. & C.2d 479 (C.C.P. Montgomery 1973).[2] *Tronzo* involved a child support dispute between a husband and wife. *Id.* at 481. The wife commenced child support proceedings against the husband in the county court's criminal division.[3] *Id.* Subsequently, the wife instituted an equity action against her husband in which she also requested child support, among other relief. *Id.* The court explained that no reason justified permitting the wife to litigate for identical relief in both proceedings at the same time. *Id.* Accordingly, the court precluded the wife

from seeking child support in the equity action even though the initial action was in the criminal—not civil—division. *See id.*

■ When comparing the two causes of action, we examine the substantive elements that must be proved in both actions. *See Rostock v. Anzalone,* 904 A.2d 943, 945–46 (Pa.Super.2006). For example, in *Rostock,* the plaintiffs filed a complaint against a hospital alleging negligence, wrongful death, and survival action claims. *Id.* at 944. While this case was pending, the plaintiffs filed a second complaint against the hospital. *Id.* The second complaint was essentially identical to the first complaint except that it added the following allegation: "This is a medical malpractice action." *Id.* The plaintiffs contended that the complaints were different because of this additional allegation. *Id.* at 945. After examining the alleged facts in both complaints, the Court in *Rostock* determined that both actions claimed professional negligence and thus required proof of the same elements. *Id.* at 945–46. Accordingly, the *Rostock* Court held it was irrelevant that the plaintiffs' first complaint did not contain the additional allegation that the claim was for "medical malpractice." *Id.*

■ Cases do not involve the same causes of action where the theories of recovery are distinct. *See, e.g., Norristown,* 386 Pa.Super. at 275, 562 A.2d at 905. For example, in *Norristown,* the employee, following his termination, sued his former employer for breach of contract. *Id.* at 271, 562 A.2d at 902. Later that same day, the employer sued the employee for fraud. *Id.* Although the underlying factual events in both cases were identical, *lis pendens* did not apply because the theories

---

2. Although court of common pleas cases are not binding on this Court, we are permitted to adopt their reasoning if we find it persuasive. *See, e.g., Commonwealth v. Palm,* 903 A.2d 1244, 1246 n. 3 (Pa.Super.2006).

3. The Commonwealth was the nominal plaintiff. *Tronzo,* 63 Pa. D. & C.2d at 481.

of recovery were distinct in that the first case was for a breach of contract and the second case was for a tort. *Id.* at 275, 562 A.2d at 905.

Under Rule 588(A), the moving party must establish entitlement to the property. Pa.R.Crim.P. 588(A) ("A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof."); *Commonwealth v. Janda*, 14 A.3d 147, 166 (Pa.Super.2011). In a replevin action, the complainant must also establish entitlement to the property. *Assocs. Commercial Corp. v. L & C Bus Lines, Inc.*, 312 Pa.Super. 250, 253, 458 A.2d 610, 611 (1983) (explaining that central question at trial in replevin action is "whether the contract, deed, or other source of right relied upon grants the plaintiff a right to continued possession of the chattels . . . ."); *see also* Pa.R.Civ.P. 1079 (permitting court to order impounding of property if it finds petitioner is "entitled" to property). The burden of proof for relief under a Rule 588(A) motion is similar to a civil burden of proof. *See Janda*, 14 A.3d at 166–67. After the Rule 588(A) movant introduces credible evidence of entitlement to the property, the burden shifts to the Commonwealth to prove by a preponderance of the evidence that the property is contraband. *Id.*

Finally, Pa.R.Civ.P. 1079.1 provides that "[t]he pendency of an action shall not impair the right of any party to separate and independent equitable relief." Pa.R.Civ.P. 1079.1. The explanatory comment states that this rule "was added to emphasize that the Rules governing replevin do not bar a separate action in equity where equitable relief, such as injunctive relief, is available." 1975 Explanatory Comment to Pa.R.Civ.P. 1079.1.

Instantly, the "same parties" element is satisfied because both actions involve only the Commonwealth and Appellant. *See Norristown*, 386 Pa.Super. at 275, 562 A.2d at 905. Similar to the parties in *Norristown*, the designation of the parties' status as plaintiff and defendant in the caption is irrelevant. *See id.* Additionally, the relief sought in both cases is the same because Appellant sought the return of the property seized during his arrest in both the Somerset County criminal action and the instant civil replevin action. *See PNC Bank*, 14 A.3d at 836; *compare* Appellant's Rule 588(A) Mot. at 1–2 (requesting return of property seized as result of arrest), *with* Appellant's Compl. at 8 (same).

Finally, Appellant's two actions are sufficiently similar as to constitute the same "cause of action" and "rights asserted" to invoke *lis pendens*. Although Appellant's Rule 588(A) motion in Somerset County is not labeled as an action in replevin, the label of the claim is not dispositive. *See Rostock*, 904 A.2d at 945. Like in *Rostock*, Appellant would have to prove the same thing in both cases: entitlement to the property. *See id.; compare Janda*, 14 A.3d at 166 (Rule 588(A) movant must establish entitlement to property), *with Assocs. Commercial Corp.*, 312 Pa.Super. at 253, 458 A.2d at 611 (complainant in replevin action must establish entitlement to property). Additionally, Appellant's burden of proving entitlement to the property is virtually identical under both the criminal and civil rules. *See Janda*, 14 A.3d at 166 (explaining that Rule 588(A) motion proceedings, like civil proceedings, employ preponderance of evidence standard).

Unlike the parties in *Norristown*, who filed suits involving different theories of recovery against each other, Appellant's theories of recovery in both suits are identical because he alleged in both actions that the Commonwealth unlawfully seized

the property from him. *See Norristown,* 386 Pa.Super. at 275, 562 A.2d at 905; *compare* Appellant's Compl. at 8 (asserting that property was unlawfully seized), *with* Appellant's Rule 588(A) Mot. at 1–2 (same). As in *Tronzo,* we discern no justifiable reason for allowing Appellant to litigate for identical relief in both the criminal and civil actions. *See Tronzo,* 63 Pa. D. & C.2d at 481. Accordingly, all elements of *lis pendens* are satisfied.

■ Appellant also contends that Pa. R.Civ.P. 1079.1 entitles him to pursue his action in replevin. Rule 1079.1 provides that the pendency of an action for equitable relief does not impair a party's right to seek other forms of equitable relief. *See* Pa.R.Civ.P. 1079.1. Thus, Rule 1079.1 permits the dismissal of Appellant's action in replevin because the relief sought in both the Somerset County action and the instant action is the same: return of the property. *See id.* Finally, Appellant's constitutional arguments, consisting mostly of quotations from factually inapposite cases, are waived because he fails to argue adequately with appropriate citation to legal authority how his constitutional rights were violated. *See* Pa.R.A.P. 2119(b). Accordingly, because the trial court did not err in dismissing the instant case, we affirm the judgment below.[4] *See Dietz,* 41 A.3d at 890 n. 7.

Order affirmed.

GANTMAN, J. concurs in the result.

---

4. We also note that the statute of limitations may apply to Appellant's action in replevin. *See* 42 Pa.C.S. §§ 5524(3), 5527(b). This Court rendered the 2004 amendment to section 5524 unconstitutional in *Commonwealth v. Neiman,* 5 A.3d 353, 358 (Pa.Super.2010), *appeal granted in part,* 611 Pa. 419, 27 A.3d 984 (2011). The 2004 amendment, however, addressed an unrelated subsection of section 5524, which concerned the statute of limitations for asbestos claims. *2004 Pa. Laws 152; 2004 Pa. Legis. Serv. 52* (West). Therefore, section 5524(3) is unaffected by *Nieman.*