HARLACHER SIBUM, J.,
Petitioner, Thomas Gaeta, filed a petition for return of property on October 7,2014 to recoup currency seized during a police stop conducted on August 22, 2014. Petitioner, stopped for a headlight malfunction, possessed $29,200.00 in U.S. Currency seized by police during the stop. Petitioner was neither issued a citation nor arrested as a result of the stop. A hearing was held on this matter on November 17, 2014. We are now prepared to decide this matter.
DISCUSSION
Pursuant to Pennsylvania Rule of Criminal Procedure 588, a petitioner may move to have property returned on the grounds of lawful entitlement to possession. Pa.R.Crim.P. 588. To establish lawful entitlement, a petitioner must, at minimum, make an allegation that he is entitled to lawful possession of the property. Com. v. Pomerantz, 573 A.2d 1149, 1150 (Pa. Super. 1989). Once the petitioner puts forth such an averment of entitlement, the burden then shifts to the Commonwealth to prove, by a preponderance of the evidence, that the seized property is contraband. Barren v. Com., 74 A.3d 250, 255 (Pa. Super. 2013). To meet its burden, the Commonwealth must put forth more than just evidence that the property seized was in the possession of someone who has engaged in criminal conduct; it must identify a nexus between the property and the criminal activity. Singleton v. Johnson, 929 A.2d 1224, 1227 (Pa. Commw.2007). While the Commonwealth need *115 not present evidence directly linking the seized property to illegal activity, it must evidence more than a suspicion or possibility of a nexus. Com. v. Marshall, 698 A.2d 576 (Pa. 1997). If the Commonwealth successfully sustains its burden, the property owner then must disprove the Commonwealth’s evidence or establish a statutory defense to avoid forfeiture. Beaston v. Ebersole, 986 A.2d 876, 881 (Pa. Super. 2009).
Upon a review of the evidence, facts, and testimony, we find that petitioner has properly claimed ownership of the currency. Petitioner has adequately claimed lawful possession and has provided the court with sufficient indicia of ownership such as copies of checks, court documents, medical expense reports, and other related documents to account for the acquisition of an amount of currency similar to the amount seized during the stop. By doing so, petitioner has alleged lawful possession of the currency and shifted the legal burden to the Commonwealth to prove, by a preponderance of the evidence, that the seized currency is contraband. Id. at 882.
We find that the Commonwealth has failed to meet this burden. At hearing, the Commonwealth presented evidence that upon being stopped, the petitioner appeared nervous, excited, and had inconsistent theories for the origin of the currency in question and that the currency was found rolled in thousand dollar increments. The Commonwealth also presented evidence that an ion scan was conducted on the currency and bank bag in which the currency was found. The drug contact levels indicated by the ion scan do substantiate that the seized currency and bank bag had, at one time, been in contact with the controlled substance *116 cocaine.
Despite this evidence, we find that the Commonwealth has failed to put forth sufficient evidence tying the currency to the sale of drugs. The Commonwealth has presented evidence indicating that the currency seized may have, at one point, been part of a drug transaction. There has not, however, been a showing by a preponderance of the evidence that petitioner used the money in a drug transaction. Where the circumstantial evidence does not lead to a single inference of drug activity, we cannot find that the Commonwealth has met its burden. Com. v. Parrino, 96, A3d 1132 (2014).
No drug paraphernalia was found on petitioner’s person or in his vehicle. No citation or arrest for drug activity or involvement was issued for petitioner. The only connections the Commonwealth can make to a drug transaction are petitioner’s slightly odd behavior and the presence of cocaine on the currency. The presence of cocaine is not enough evidence to generate the required nexus to drug activity. An ion scan testing positive for controlled substances may help to establish a nexus between the currency and illegal activity. However, the ion scan results must be considered not in a vacuum, but together with the rest of the evidence. See Com. v. Three Hundred Ten Thousand Twenty Dollars, 894 A.2d 154 (Pa. Commw. 2006). The Commonwealth’s evidence, in tandem with the documents and claim of ownership presented by petitioner suggest that while the currency may have been used in a drug transaction at some point, it is not more likely than not to have been a part of such transaction involving petitioner. There are too many *117 inconspicuous likely alternatives to the theory presented by the Commonwealth. As such, we cannot find the Commonwealth has satisfied its burden. For these reasons petitioner’s request is granted.
Accordingly, we enter the following order.
ORDER
And now, this 16th day of December, 2014, petitioner’s petition for return of property in the amount of $29,200.00 in U.S. Currency is granted.