J-S37044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LUIS MANUEL CRUZ | |
| Appellant | No. 3190 EDA 2014 |

Appeal from the PCRA Order October 22, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-2100766-1999

BEFORE: GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.: **FILED JUNE 26, 2015**

Luis Manuel Cruz appeals from the Order of the Court of Common Pleas of Lehigh County that dismissed his habeas corpus petition, which the court erroneously treated as a petition filed under the Post Conviction Relief Act ("PCRA").[1] After careful review, we affirm.

A jury found Cruz guilty of first-degree murder on March 8, 2000, and returned a verdict of life imprisonment in the penalty phase of the trial the following day. The court immediately sentenced Cruz to life imprisonment. Cruz did not file a direct appeal, and his judgment of sentence became final on April 10, 2000, when his time to file a direct appeal expired. **See**

_____

[1] 42 Pa.C.S. §§ 9541-9546.

Pa.R.A.P. 903.  Thus, Cruz had until April 10, 2001 to file a timely PCRA petition.  *See* 42 Pa.C.S. § 9545(b).

Between 2005 and 2013, Cruz filed several PCRA petitions seeking collateral relief, all of which were dismissed.  In the instant matter, Cruz filed a *pro se* Petition for Writ of Habeas Corpus Ad [Subjiciendum] dated June 8, 2014,[2] with the sole allegation that his confinement is illegal because the Department of Corrections (DOC) does not have a copy of his sentencing order.  He bases his argument on section 9764 of the Sentencing Code, which provides, in relevant part:

> **§ 9764.   Information required upon commitment and subsequent disposition**
>
> (a)   **General rule. –** Upon commitment of an inmate to the custody of the Department of Corrections, the sheriff or transporting official shall provide to the Institution's records officer or duty officer, in addition to a copy of the court commitment form DC-300B generated from the Common Pleas Criminal Court Case Management System of the unified judicial system, the following information.
>
> . . .
>
> (8)   A copy of the sentencing order and any detainers filed against the inmate which the county has notice.

42 Pa.C.S. § 9764(a)(8).

---

[2] The habeas petition is dated June 8, 2014, but was not stamped "filed" until July 16, 2014.  The trial court apparently had access to the petition earlier than July 16, since it issued an order dated July 3, 2014, which denied Cruz's request for counsel in relation to the petition, and issued an order dated July 10, 2014, which indicated the court's intention to dismiss the petition as an untimely PCRA petition pursuant to Pa.R.Crim.P. 907.

On July 10, 2014, the court provided Cruz with notice pursuant to Pa.R.Crim.P. 907(1) that it was treating the habeas corpus petition as a PCRA petition, which it intended to dismiss as untimely filed. The court dismissed the petition on October 22, 2014.

This timely appeal followed, in which Cruz, acting *pro se*, raises the following issues, *verbatim*, for our review:

1) Did the P.C.R.A court commit an error of fact that defendant did not present genuine issues of material fact that does not warrant relief under writ of habeas corpus ad-subjiciendum or Post Conviction Act

2) Withdrawn

3) Whether trial court has inherent jurisdiction to modify or rescind an illegal sentence order, a clerical error that is absent the statutory jurisdiction to lawfully incarcerate defendant

4) Whether trial court has interfered with appellant's rights to access his entire discovery and transcripts that is public record at the cost of production to the defendant for the use in the official capacity as an exhibit/evidence to demonstrate a miscarriage of justice, defective sentence order.[3]

Brief for Appellant, at 3.

The trial court did not file an opinion pursuant to Pa.R.A.P. 1925(a). Instead, the court relied upon its order of July 10, 2014, which stated the

---

[3] Issue 4) was not raised within the instant habeas corpus petition, but rather was raised separately by Cruz in a self-styled "Petition for Production of Discovery and Transcripts" filed on February 25, 2014. The trial court issued orders with respect to that petition on May 16, 2014, and May 30, 2014. Therefore, this issue is not properly before the Court and will not be addressed.

court's intention to dismiss Cruz's habeas petition as an untimely PCRA petition and the reasons for doing so. The court indicated it was "considering the filing a Petition for Post-Conviction Relief pursuant to 42 Pa.C.S.A. § 9542." Order, 7/10/14, at 2.

Section 9542 states that the PCRA "provides for an action by which . . . persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S. § 9542. Nevertheless, in **Joseph v. Glunt**, 96 A.3d 365 (Pa. Super. 2014), this Court held that a claim that a sentence is illegal because the DOC is unable to produce a written sentencing order is properly raised in a habeas corpus petition. However, this Court also held that section 9764(a)(8):

> does not create any remedy or cause of action for a prisoner based upon the failure to provide a copy [of his sentencing order] to the DOC. The statute regulates the exchange of prisoner information between the state and county prison system, and does not provide for a basis for habeas relief.

**Joseph**, **supra** at 370.

Here, the sole issue raised in Cruz's habeas petition is that the DOC could not produce his sentencing order. Accordingly, the trial court properly dismissed Cruz's petition, although for a reason other than the one stated in the October 22, 2014 order.[4]

Order affirmed.

_____

[4] "This Court may affirm the trial court's decision on any basis supported by the record." **Commonwealth v. Barren**, 74 A.3d 250, 254 (Pa. 2013) (citation omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/26/2015</u>