J-S33032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANA EVERETT YOUNG | |
| Appellant | No. 2426 EDA 2014 |

Appeal from the PCRA Order July 18, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000560-1983,
CP-39-CR-0000561-1983, CP-39-CR-0000614-1983

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 07, 2015**

Dana Everett Young appeals from the order of the Court of Common Pleas of Lehigh County that dismissed his habeas corpus petition, which the court erroneously treated as a petition filed under the Post Conviction Relief Act.[1]  After careful review, we affirm.

In September 1983, a jury found Young guilty of several offenses based on sexual assaults he committed within ten days of each other against two women in Emmaus.  On September 9, 1985, the trial court sentenced him to an aggregate term of 21 to 42 years' incarceration.  Young filed a timely appeal to this Court, which remanded for an evidentiary hearing on

_____

[1] 42 Pa.C.S. §§ 9541-9546.

the issue of ineffective assistance of counsel.[2] The trial court denied relief on December 1, 1985, and Young did not file a direct appeal.

Between 1995 and 2008, Young filed several petitions for collateral relief under the Post Conviction Hearing Act and its successor, the PCRA, all of which were dismissed. On March 11, 2014, Young filed a *pro se* Petition for Habeas Corpus Relief, alleging his confinement is illegal because the Department of Corrections (DOC) does not have a copy of his sentencing sheet. He bases his argument on section 9764 of the Sentencing Code, which provides, in relevant part:

> **§ 9764. Information required upon commitment and subsequent disposition**
>
> (a) **General rule. –** Upon commitment of an inmate to the custody of the Department of Corrections, the sheriff or transporting official shall provide to the Institution's records officer or duty officer, in addition to a copy of the court commitment form DC-300B generated from the Common Pleas Criminal Court Case Management System of the unified judicial system, the following information.
>
> . . .
>
> (8) A copy of the sentencing order and any detainers filed against the inmate which the county has notice.

42 Pa.C.S. § 9764(a)(8).

---

[2] At the time, ineffective assistance of counsel claims could be raised on direct appeal, because the issue arose several years prior to **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), which requires that ineffectiveness claims be raised in a PCRA petition.

On April 22, 2014, the court provided Young with notice pursuant to Pa.R.Crim.P. 907(1) that it was treating the habeas corpus petition as a PCRA petition, which it intended to dismiss as untimely filed. The court dismissed the petition on July 18, 2014.

This timely appeal followed in which Young, acting *pro se*, raises one issue, *verbatim*, for our review:

> Whether the trial court abused its discretion in dismissing the instant petition for writ of habeas corpus ad subjiciendum since [Young] is confined pursuant to a sentencing order absent the statute under Pennsylvania law that the judge received statutory authorization from to impose the sentence.

Appellant's Brief, at 3.

In its Pa.R.A.P. 1925(a) opinion, the trial court recognizes that it should not have treated Young's petition as a PCRA petition because, in *Joseph v. Glunt*, 96 A.3d 365 (Pa. Super. 2014), this Court held that a claim that a sentence is illegal because the DOC is unable to produce a written sentencing order is properly raised in a habeas corpus petition. Nevertheless, this Court also held that section 9764(a)(8):

> does not create any remedy or cause of action for a prisoner based upon the failure to provide a copy [of his sentencing order] to the DOC. The statute regulates the exchange of prisoner information between the state and county prison system, and does not provide for a basis for habeas relief.

*Joseph*, *supra* at 370.

Accordingly, the trial court properly dismissed Young's petition, although for a different reason than the one stated in the July 18, 2014 order.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2015

---

[3] "This Court may affirm the trial court's decision on any basis supported by the record." **Commonwealth v. Barren**, 74 A.3d 250, 254 (Pa. 2013) (citation omitted).