J-A15002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHANDLER P. SMITH, | |
| Appellant | No. 3152 EDA 2014 |

Appeal from the Judgment of Sentence September 26, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-SA-0000426-2014

BEFORE:  BOWES, MUNDY, AND FITZGERALD* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 13, 2015**

Appellant Chandler P. Smith appeals from the September 26, 2014 judgment of sentence of a $100.00 fine imposed after the trial court found him guilty of the summary offense of disorderly conduct.  For the reasons set forth herein, we reverse and remand for a new trial.

The trial court related the following underlying facts, which were adduced by the citing officer during trial:

> [Morrisville Borough Police Officer John Aspromonti] was on patrol and observed [Appellant] on South Delaware Avenue in Morrisville, Bucks County, Pennsylvania, in an agitated state and loudly screaming profanities in public.  Officer Aspromonti testified that when he stopped to investigate, Smith charged at him in a violent and menacing manner and Officer Aspromonti, fearing for his safety, hit Smith with his car door and knocked him back.  He said Smith then appeared to try to unstrap his prosthetic leg which Officer Aspromonti thought Smith was going

---

\* Former Justice specially assigned to the Superior Court.

to use as a weapon. When Officer Aspromonti asked Smith what was the problem, he testified that Smith accused him and his partner of "giving him the finger" that morning, although he had never had any contact with Smith prior to this incident. Officer Aspromonti said he pulled out his taser and warned Smith to calm down. When two additional officers arrived on the scene, Smith "stopped," and after several refusals finally provided identification to Officer Aspromonti who then issued Smith a citation for disorderly conduct.

Trial Court Opinion, 12/10/14, at 1-2. Appellant was found guilty of disorderly conduct at a June 24, 2014 hearing in magisterial district court, and appealed to the court of common pleas thereafter. The events at his September 26, 2014 *de novo* trial before the Honorable Clyde W. Waite give rise to the instant appeal.

Officer Aspromonti testified to the above facts on direct examination and then was briefly cross-examined by Appellant. At the conclusion of cross-examination, the following discussion ensued:

| | |
|---|---|
| Commonwealth: | The Commonwealth has no further evidence at this time, Your Honor. |
| Court: | All right. Any evidence, Mr. Smith? |
| Appellant:[1] | Not at this time. |
| Court: | All right, then. You were charged with disorderly conduct. The officer testified that you approached him in an aggressive manner; that you continued to go after him to the point where he had to push you away, and it got to |

_____

[1] Though presumed to be Appellant's response, this statement was attributed to the Commonwealth.

> the point where he pulled his taser. You don't believe that that's – if that is true, and you haven't presented anything to say that it was's [sic] not true.

N.T., 1/12/15, at 14-15.

After this exchange, Appellant expressed "significant doubt" that the events transpired as Officer Aspromonti testified and that it was "[h]is word against my word." *Id*. at 15. Reminded by the court that Appellant "didn't say anything" and that "there is nothing on the record that says that that didn't happen," Appellant offered to testify on his own behalf:

Appellant: I could testify as to what happened.

Court: You decided not to testify.

Appellant: I decide[d] not to testify?

Court: I asked if you had anything to present and you said no.

Appellant: I just, what is it that I said – you asked me if I had any questions.

*Id*. at 16. Instead of granting Appellant's request, the court turned to the Commonwealth and asked if counsel wanted "to allow [Appellant] to testify at this time." *Id*. The Commonwealth responded that it would be procedurally improper to allow him to do so unless the court permitted Appellant to reopen his case.

Agreeing with counsel and declining to allow Appellant to reopen his case, the court again engaged Appellant:

Court:          But are you suggesting that there is something
                that you were not given the opportunity to tell
                your side of the story?

Appellant:      Well, you know, when I called the lawyer that
                represented me at first, he thought that
                probably what would happen is that the officer
                would go ahead and take the stand and then I
                would be given a choice to do that.

Court:          Yes, and you were given that choice to either
                testify or not.  And my understanding is that
                you decided not to.

Appellant:      Well, at this point you know, there [was] a
                hearing and I had an attorney.  I know what
                was said and I know there was two officers
                there.  I know that the lady at Dairy Queen
                heard me say those words, and I know he
                asked me to approach him.  And he said, "You
                called me?"

Court:          Well, based on the evidence of the record at
                this point, the officer's testimony is more than
                sufficient to establish all of the elements of
                disorderly conduct.  The defendant is found
                guilty with a fine of $100.  That's all.

*Id*. at 16-18.

Appellant appealed to this Court on October 20, 2014.  He then

complied with the trial court's order to provide a Pa.R.A.P. 1925(b) concise

statement of errors complained of on appeal, and the trial court filed its

responsive Pa.R.A.P. 1925(a) opinion shortly thereafter.  In his timely

appeal, Appellant presents just one issue for our consideration: "Was it

wrong that I wasn't given the opportunity to testify?"  We therefore look to

whether Appellant knowingly, voluntarily, and intelligently waived his

fundamental right to testify on his own behalf when he said he had no evidence to produce "at this time."

It is axiomatic that Appellant had a fundamental right to testify at trial, which is explicitly protected by Article I, § 9 of the Pennsylvania Constitution. *Commonwealth v. Nieves*, 746 A.2d 1102, 1105 (Pa. 2000). "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742 (1970). Importantly, "the presumption must always be against the waiver of a constitutional right," and we are bound to "place the burden of proving waiver on the Commonwealth." *Commonwealth v. Robinson*, 970 A.2d 455, 458 (Pa.Super. 2009) (citations omitted).

This Court has recognized that a trial court is not required to conduct a colloquy to determine whether a party has knowingly, voluntarily, and intelligently waived his right to testify on his own behalf. *Commonwealth v. Todd*, 820 A.2d 707, 711 (Pa.Super. 2003). Those cases, however, clearly indicate that a criminal defendant must understand his decision not to testify if not by colloquy, then by the presumed competent advice of counsel in order to have knowingly, intelligently, and voluntarily waived that right. *See, e.g., Commonwealth v. Baldwin*, 8 A.3d 901, 909-10 (Pa.Super. 2010) (finding waiver where Appellant "was clearly advised of his rights and what testifying in his own defense would entail" and "was given

ample opportunity to consider his decision and discuss the matter with his attorney"); **Todd, supra** at 712 (relying upon counsel's testimony that he advised his client of client's right to testify in holding that waiver of that right was "knowing, voluntary, and intelligent").

Appellant, appearing *pro se*, plainly argues that he was denied his constitutional right to testify on his own behalf. The Commonwealth responds by contending that, in telling the court that he did not have any evidence "at this time," Appellant waived his right to testify and that the court did not abuse its discretion in disallowing Appellant to reopen his case so that he may do so. We agree with Appellant.

Herein, the court also did not engage in a colloquy to determine whether Appellant knowingly, voluntarily, and intelligently waived his fundamental right to testify on his own behalf when he answered "not at this time," despite Appellant's obvious confusion at the court's finding that he had waived that right. Instead, the court, while seemingly acknowledging Appellant's misunderstanding, refused to permit Appellant to present the testimony due to his purported waiver.

The Commonwealth's argument that "Appellant was given the opportunity to testify, but he decided to not exercise that right" is misguided. The record does not support a finding that Appellant's purported waiver was knowing, voluntary, and intelligent. In fact, the record reflects the opposite. Specifically, Appellant clearly indicates that he did not

- 6 -

understand that his response of "not at this time" equated to a rejection of his right to testify at all. N.T., 1/12/15, at 14-16. Appellant's alleged waiver was not given "with sufficient awareness of the relevant circumstances and likely consequences" as to be understood as a knowing and voluntary waiver of a fundamental constitutional right. *Brady*, *supra*.

Having found that the trial court denied Appellant his constitutional right to testify on his own behalf, we need only turn briefly to the Commonwealth's concomitant argument regarding a trial court's significant discretion in determining whether to reopen the evidence for further testimony. While reopening the matter may have been a curative measure to afford Appellant the opportunity to testify, the trial court's decision not to reopen the matter does not excuse its initial denial of Appellant's rights. The Commonwealth's reliance on *Baldwin*, *supra*, is therefore mistaken.

In *Baldwin*, our High Court affirmed the trial court's decision not to reopen the evidence after the counseled criminal defendant offered, following colloquy, a valid waiver of his right to testify. *Id*. at 902. In that case, the trial court obtained a knowing, intelligent, and voluntary waiver from the defendant. There, unlike here, the trial did not violate the criminal defendant's constitutional right to testify, as he had been afforded – and properly waived – that opportunity. The Commonwealth cannot rely on *Baldwin* to assert that the trial court had discretion to lock the door that it had already closed on Appellant's testimony. Whether the trial court abused

its discretion in declining to reopen the matter is irrelevant in light of the trial court's silencing of Appellant during the September 26, 2014 proceeding.

The Commonwealth reminds us that we "may affirm the trial court's decision on any basis supported by the record." ***Barren v. Commonwealth***, 74 A.3d 250, 254 (Pa.Super. 2013). It urges us to affirm since the record contains evidence sufficient to sustain Appellant's conviction. In light of the trial court's denial of Appellant's fundamental constitutional right to testify, we reject that invitation. The infringement warrants a new and complete trial.

Judgment of sentence reversed. Matter remanded for a new trial. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/13/2015