Henry CRUTCHFIELD, Jr., Appellant,

v.

EATON CORPORATION, GAF Corp., Ruberoid Co., Inc., Green, Tweed & Company, A.W. Chesterton, Inc., Quigley Company, Pfizer Corporation, United States Gypsum Co., Foster Wheeler Corporation, PARS Manufacturing Company, AC and S Corporation, Turner & Newell, Uniroyal, Inc., General Motors Corp., Brand Insulation, Inc. Selas Corporation of America, Selas Furnaces, Bickley Furnaces, Inc., Abex Corp., Keeler/Door–Boiler Co., W.R. Grace, Rite Hose Packing, Inc., Crane Packing, Borg–Warner Corporation, Rapid–American Corporation, Chrysler Corporation; Cutler Hammer Companies, Clark Controller Companies, Shepard Niles, Ford Motor Company, U.S. Mineral Products, Co., General Refractories Company, Georgia Pacific, and Pennsylvania Brake Bonding, Appellees.

Wayne Bonner and Henrietta Bonner, H/W, Appellants,

v.

Eaton Corporation, GAF Corp., Ruberoid Co., Inc., Green, Tweed & Company, A.W. Chesterton, Inc., Quigley Company, Pfizer Corporation, United States Gypsum Co., Foster Wheeler Corporation, PARS Manufacturing Company, J.H. France Refractories, AC and S Corporation, Turner & Newell, Allied Corp., Uniroyal, Inc., Brand Insulation, Inc., Selas Corporation of America, Selas Furnaces, Bickley Furnaces, Inc., Keeler/Door–Oliver Boiler Co., Cleaver Brooks, Division of Aqua–Chem, Inc., W.R. Grace, Rite Hose Packing, Inc., a successor to Bevco Industries, Inc., Crane Packing, Rapid–American Corporation, Cutler Hammer Companies, Clark Controller Companies and Shepard Niles, Appellees.

Nathan Chapman, Sr., Appellant,

v.

Eaton Corporation, GAF Corp., Ruberoid Co., Inc., Green, Tweed & Company, A.W. Chesterton, Inc., Quigley Company, Pfizer Corporation, Owens–Illinois, Inc., United States Gypsum Co., Foster Wheeler Corporation, PARS Manufacturing Company, AC and S Corporation, Turner & Newell, Allied Corp., Uniroyal, Inc., General Motors Corp., Brand Insulation, Inc., Selas Corporation of America, Selas Furnaces, Bickley Furnaces, Inc., ABEX Corp., Keeler/Door–Oliver Boiler Co., W.R. Grace, Rite Hose Packing, Inc., a successor to BEVCO Industries, Inc., Crane Packing, Borg–Warner Corporation, Rapid–American Corporation, Cutler Hammer Companies, Clark Controller Companies, Shepard Niles, Chrysler Corp., Ford Motor Company, General Refractories Company, Georgia Pacific and Pennsylvania Brake Bonding, Appellees.

Superior Court of Pennsylvania.

Argued April 23, 2002.
Filed Sept. 6, 2002.

William C. Bensley, Philadelphia, for appellants.

Jason Rubin, Philadelphia, for appellees.

Before: DEL SOLE, P.J., MONTEMURO * and BECK, JJ.

* Retired Justice assigned to the Superior Court.

OPINION BY DEL SOLE, P.J.

¶ 1 Appellants appeal from the order of court granting Appellees' preliminary objections and dismissing Appellants' claims for personal injuries clue to asbestos exposure. Upon review, we affirm.

¶ 2 This appeal involves three separate cases. The cases have been consolidated for appeal purposes.

*Chapman*

¶ 3 Appellants Nathan and Harriet Chapman filed a short-form complaint in Philadelphia County in July of 1987. Appellants sought damages for asbestosis that Nathan allegedly contracted while working with asbestos-related products throughout his employment history. In 1995, this action was transferred to Delaware County, Pennsylvania.

¶ 4 On or about December 19, 2000, Appellants filed another complaint in Philadelphia County, alleging that Nathan had sustained injuries due to exposure to asbestos-related products manufactured by Appellees during his employment history. The alleged injuries in this most recent cause of action were asbestos-related pleural disease and symptomatic pulmonary asbestosis.

*Crutchfield*

¶ 5 On January 16, 1990, Henry Crutchfield filed a personal injury complaint for asbestosis which he alleged he contracted due to asbestos exposure to products manufactured by Appellees throughout his employment history. This action was subsequently transferred to Delaware County in 1994.

¶ 6 On December 8, 2000, Crutchfield was diagnosed with asbestos-related pleural disease. Crutchfield then filed another complaint in Philadelphia County on December 19, 2000, alleging symptomatic pulmonary asbestosis.

*Bonner*

¶ 7 In July of 1987, Wayne and Henrietta Bonner filed a personal injury claim in Philadelphia County alleging that Wayne had contracted asbestosis. That claim was transferred to Delaware County, Pennsylvania, in 1995.

¶ 8 On December 19, 2000, Appellants filed another civil action in Philadelphia County, alleging that Wayne sustained injuries due to exposure to asbestos-related products manufactured by the Appellees through his employment. In their 2000 civil action, Appellants make a claim for damages for asbestos-related pleural disease, and symptomatic pulmonary asbestosis.

*Appeal*

¶ 9 Appellee, Eaton Corporation, filed preliminary objections to the year 2000 actions filed by Appellants asserting *lis pendens,* specifically that the respective Appellants' claims should be dismissed due to the fact that identical claims brought by these Appellants are currently pending in Delaware County, Pennsylvania. The trial court granted the preliminary objections, and dismissed Appellants' complaints with prejudice. This appeal followed.

¶ 10 Appellants claim that the trial court improperly granted Appellee's preliminary objections. Appellants assert that the Delaware County actions are different from the 2000 Philadelphia County actions in that the actions involve different asbestos-related conditions. Appellants' Brief at 15. The Delaware County actions involve *asymptomatic* pleural disease, whereas the 2000 Philadelphia County actions involve *symptomatic* pleural and parenchymal diseases. *Id.* Appellants also argue that the Delaware County cases had been "deactivated" many years ago. Appellants' Brief at 13. Furthermore, Appellants assert that the Delaware County actions, because they involve asymptomatic conditions, do

not involve any legally cognizable causes of action. Appellants' Brief at 15. Although Appellants fail to cite to it, their argument seems to be based on the ruling in *Giffear v. Johns–Manville Corp.*, 429 Pa.Super. 327, 632 A.2d 880, 884 (1993), *aff'd Simmons v. Pacor Inc.*, 543 Pa. 664, 674 A.2d 232 (1996).

¶ 11 In asbestos litigation, Pennsylvania has adopted the "two-disease rule." *See Marinari v. Asbestos Corp.*, 417 Pa.Super. 440, 612 A.2d 1021 (1992). In *Marinari*, this Court held that the discovery of a nonmalignant, asbestos-related lung pathology does not trigger the statute of limitations for a later, separately diagnosed disease of lung cancer. *Id.* Under *Marinari*, a person may bring separate claims for nonmalignant disease and malignant cancer without invoking *res judicata*. *Marinari*, 612 A.2d at 1024. Legal precedent further refined this rule following *Marinari*.

¶ 12 This Court later held that a person with nonmalignant, **asymptomatic** asbestos-related conditions does not have a cause of action. *Giffear v. Johns–Manville Corp.*, 429 Pa.Super. 327, 632 A.2d 880, 884 (1993), *aff'd Simmons v. Pacor, Inc.*, 543 Pa. 664, 674 A.2d 232 (1996). *Giffear* has been applied prospectively. Following *Giffear*, this Court permitted litigation of a second claim for **symptomatic** nonmalignant disease where an original pre-*Giffear* claim was based on an **asymptomatic** nonmalignant disease. *McCauley v. Owens–Corning Fiberglas Corp.*, 715 A.2d 1125 (Pa.Super.1998).

¶ 13 With regard to the preliminary objections filed by Appellee, a party may raise preliminary objections based on the pendency of a prior action. Pa.R.C.P. 1028(a)(6). In order to plead successfully the defense of *lis pendens*, *i.e.*, the pendency of a prior action, it must be shown that the prior case is the same, the parties are the same, and the relief requested is the same. *Penox Technologies, Inc. v. Foster Medical Corp.*, 376 Pa.Super. 450, 546 A.2d 114, 115 (1988). The purpose of the *lis pendens* defense is to protect a defendant from harassment by having to defend several suits on the same cause of action at the same time. *Id.* The doctrine of *lis pendens* requires that the prior action be pending. *Norristown Auto. Co. v. Hand*, 386 Pa.Super. 269, 562 A.2d 902, 904 (1989). Under Pennsylvania law, the question of a pending prior action "is purely a question of law determinable from an inspection of the pleadings." *Davis Cookie Co. v. Wasley*, 389 Pa.Super. 112, 566 A.2d 870, 874 (1989).

¶ 14 Once the defense is raised, a court may dismiss or stay the subsequent proceedings. *Penox*, 546 A.2d at 115. It has long been held that a party asserting the defense of *lis pendens* must show that the case is the same, the parties are the same, and the rights asserted and relief prayed for the same. *Norristown*, 562 A.2d at 904. The three-pronged identity test must be applied strictly when a party is seeking dismissal under the doctrine of prior pending action. *Id.* Alternatively, if the identity test is not strictly met but the action involves a set of circumstances where the litigation of two suits would create a duplication of effort on the part of the parties, waste judicial resources and "create the unseemly spectacle of a race to judgment," the trial court may stay the later-filed action. *Id.* at 905.

¶ 15 Appellants argue that, because their Delaware County claims were for asymptomatic nonmalignant diseases filed prior to the ruling in *Giffear*, and the present actions make claims for symptomatic diseases, the present actions are permitted pursuant to the ruling in *McCauley*. Additionally, Appellants maintain that the actions in Delaware County are separate and distinct from the present

actions in Philadelphia County. Therefore, they assert that there is no identity of the issues. They argue that because there is no identity of the issues, the trial court incorrectly granted the preliminary objections on the basis of *lis pendens*.[1]

¶ 16 While Appellants maintain that the Delaware County actions made claims for *asymptomatic* diseases, that fact is not clear from the record. A review of the record indicates only that, in their Delaware County actions, Appellants made claims for personal injuries due to "asbestosis." The diagnosis of asbestosis may or may not include symptoms. There is no basis on which to determine whether the claims in Delaware County were for *asymptomatic* or *symptomatic* asbestosis. Accordingly, there is no way to determine for certain whether the issues in the separate actions are the same.

¶ 17 It appears from the record that at the time of filing Appellants may have intended to make a claim for symptomatic asbestosis, but now in retrospect, assert that the claim of asbestosis was for asymptomatic asbestosis. We are not privy to the discovery conducted between the parties on the Delaware County actions and do not have information regarding the injuries alleged that were likely uncovered through discovery. It very well may be the case that the Delaware County actions are interpreted by the court as making a claim for symptomatic diseases. Therefore, we will presume that the Delaware actions made claims for symptomatic asbestosis because to do otherwise would allow Appellants to have two causes of action pending seeking recovery of damages for the same claim. It is for these reasons that we cannot find the Philadelphia County actions permissible under *McCauley*.

¶ 18 Additionally, Appellants allege that these cases have been "deactivated."[2] Upon review of the record we see nothing indicating these actions have been deactivated. Although there has been no recent docket activity, that does not indicate to us that the matters are dismissed. Moreover, due to the fact that the Delaware County actions appear to be active, the very purpose for which the doctrine of *lis pendens* was created may be violated if the Philadelphia County actions are permitted to proceed. If the actions in Philadelphia County are entertained, Appellee may be required to defend itself in more than one lawsuit on the same issue.

¶ 19 In conclusion, it appears that the Delaware County actions are still active. Moreover, it is unclear from the face of the complaints whether the claims pending in

1. Appellants also make an argument that the parties in the two actions are not the same, thus precluding the granting of preliminary objections on the basis of *lis pendens*. Upon review, we find this to be an incorrect statement of facts. Appellee Eaton is the successor in interest to the Cutler Hammer Companies, which were sued in the original actions currently pending in Delaware County. Thus we find this argument also lacks merit.

2. It appears that Appellants make this statement relying on the order of court entered by the Delaware County Court of Common Pleas. The order at issue is dated October 8, 1993 and provides that based on the ruling in *Giffear*, cases that have "heretofore been activated for trial" seeking damages based on asymptomatic asbestos-related diseases were placed on "inactive" status until further order of the court. Despite Appellants' contentions, this Order does not apply to their actions in Delaware County. The original actions were moved to Delaware County after this order was issued, and the order specifically refers to actions prior to the date of the order. Furthermore, the Order sets forth a procedure counsel can follow to place cases on inactive status. Review of the docket entries reveals that no such action was taken. Additionally, there was docket activity in these actions as recently as 1996. Thus we do not agree that the cases were "deactivated" by this order.

Delaware County were made for asymptomatic or symptomatic nonmalignant diseases. The Delaware County Court of Common Pleas may in fact treat the actions before it as claims for damages as a result of symptomatic nonmalignant asbestosis, and try the actions as such. Thus, we find that the trial court properly granted Appellee's preliminary objections on the basis of *lis pendens*. Accordingly, we affirm.

¶ 20 Order affirmed.