J-S63032-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| GRANT MANUFACTURING & ALLOYING, INC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| GREGORY MCILVAIN AND DARYL WILLIAMS, | |
| Appellees | No. 2226 MDA 2013 |

Appeal from the Order Entered November 12, 2013
in the Court of Common Pleas of Berks County
Civil Division at No.: 12-24790

| | |
|---|---|
| GRANT MANUFACTURING & ALLOYING, INC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| GREGORY MCILVAIN AND DARYL WILLIAMS, | |
| Appellees | No. 2227 MDA 2013 |

Appeal from the Order Entered November 12, 2013
in the Court of Common Pleas of Berks County
Civil Division at No.: 12-24790

BEFORE: BOWES, J., PANELLA, J., and PLATT, J.[*]

---

[*] Retired Senior Judge assigned to the Superior Court.

J-S63032-14

MEMORANDUM BY PLATT, J.: **FILED DECEMBER 09, 2014**

Appellant, Grant Manufacturing & Alloying, Inc., appeals from the trial court's orders[1] sustaining the preliminary objections of Appellees, Gregory McIlvain and Daryl Williams, and dismissing the complaint. We affirm.

We take the factual and procedural background of this case from the trial court's February 25, 2014 opinion:

> [Appellant] is a primary manufacturer of tin and tin alloys and specialty products servicing the electronics, plating, and tin chemicals industries. [Appellee], Gregory [McIlvain], had been [Appellant's] employee for approximately twenty-four years, and [Appellee], Darryl Williams, had been [Appellant's] employee for twenty-two years. In its complaint, [Appellant] alleges that it had developed trade secrets from which it derives a competitive advantage. [Appellant] further alleges in the complaint that [Appellees] resigned their employment with [Appellant] in February 2010 and began employment in similar capacities with one of [Appellant's] direct competitors. [Appellant's] complaint against [Appellees] alleges five counts: [misappropriation of trade secrets in violation of the Pennsylvania Uniform Trade Secrets Act, breach of duty of loyalty, unfair competition, tortious interference with actual and prospective business relations, and civil conspiracy].
>
> [Appellees] filed preliminary objections to this complaint due to prior pending actions concerning these same parties. [The prior actions included the following.] On March 8, 2010, [Appellant] filed suit in the United States District Court for the Eastern District of Pennsylvania, seeking damages against [Appellees] for the same state law claims that are raised in the instant case and a federal claim under the Computer Fraud and Abuse Act. On September 23, 2011, the federal court granted [Appellees'] motion for summary judgment on the federal claim

_____

[1] The trial court sustained the preliminary objections in two orders and Appellant filed notices of appeal from each of them. On January 7, 2014, this Court consolidated the appeals *sua sponte*. (**See** Order, 1/07/14, at 1).

- 2 -

and denied supplemental jurisdiction over the remaining state claims. The United States Court of Appeals affirmed the district court's grant of summary judgment.

In late 2011, [Appellant] filed a second action based on the same facts in the Chester County Court of Common Pleas against [Appellees'] current employer, Nathan Trotter & Co. Inc. (Trotter). That action was pending at the time [Appellant] filed [its first] case in Berks County against [Appellees,] which was docketed to Case No. 11-23934. On April 17, 2012, Judge Jeffrey L. Schmehl sustained [Appellees'] preliminary objections based upon the prior pending actions in the state and federal courts and [Appellant's] failure to join [Trotter, as] a necessary and indispensable party[.] [Judge Schmehl] dismissed [Case No. 11-23934] without prejudice to re-file. [Appellant] did not file an appeal to that order.

On November 21, 2012, [Appellant initiated the current action against Appellees] with the same allegations still pending in the Chester Court and the identical claims with verbatim averments [as those] that were contained in . . . Berks County [C]ase [No. 11-23934] that was dismissed by Judge Schmehl. In the case *sub judice*, [Appellant] again did not join Trotter; the Chester County action is still pending.

\* \* \*

[Appellees filed preliminary objections to the complaint.] [On November 12, 2013,] [f]ollowing argument . . . , [the trial] court sustained the preliminary objections [on the bases of] the prior pending action doctrine, failure to join Trotter as a necessary and indispensable party, and [that] the commencement of this action [is] in derogation of the law of the case doctrine due to the [o]rder of dismissal dated April 17, 2012 in the action docketed to No. 11-23934. [Appellant] filed a timely appeal.[2]

(Trial Court Opinion, 2/25/14, at 1-3).

_____

[2] Appellant filed a Rule 1925(b) statement of errors on January 8, 2014 pursuant to the court's order; the court filed a Rule 1925(a) opinion on February 25, 2014. **See** Pa.R.A.P. 1925.

Appellant raises eight issues for this Court's review:

1.    Whether there was any basis in law or fact for the [c]ourt to sustain the [p]reliminary [o]bjections of Appellees . . . and dismiss the [c]omplaint with [p]rejudice[?]

2.    Whether the trial court committed an error of law and/or abused its discretion in finding that the lawsuit commenced by [Appellant] in the Court of Common Pleas of Berks County at No. 11-23934 was dismissed by virtue of a prior pending action commenced by [Appellant] against [Trotter] in the Court of Common Pleas of Chester County[?]

3.    Whether the trial court committed an error of law and/or abused its discretion in finding that the lawsuit commenced by [Appellant] against [Appellees] in the Court of Common Pleas of Berks County at No. 12-24790 was dismissed by virtue of a prior pending action commenced by [Appellant] against Trotter in the Court of Common Pleas of Chester County[?]

4.    Whether the trial court committed an error of law and/or abused its discretion in finding that the lawsuit commenced by [Appellant] against [Appellees] in the Court of Common Pleas of Berks County at No. 11-23934 was dismissed because [Appellant] did not join Trotter as a party[?]

5.    Whether the trial court committed an error of law and/or abused its discretion in finding that the lawsuit commenced by [Appellant] against [Appellees] in the Court of Common Pleas of Berks County at No. 12-24790 was dismissed because [Appellant] did not join Trotter as a party[?]

6.    Whether the trial court committed an error of law and/or abused its discretion in finding that the lawsuit commenced by [Appellant] against [Appellees] in the Court of Common Pleas of Berks County at No. 12-24790 was commenced in derogation of that [c]ourt's [o]rder dated April 17, 2012 in the lawsuit at No. 11-23934[?]

7.    Whether the trial court committed an error of law and/or abused its discretion in finding that the prior pending action doctrine applied to [Appellant's] lawsuit against [Appellees] in the Court of Common Pleas of Berks County at No. 12-24790[?]

8.      Whether the trial court committed an error of law and/or abused its discretion in finding that Trotter was a necessary and indispensable party to the Berks County lawsuits at Nos. 11-23934 and 12-24790[?]

(Appellant's Brief, at 2-5).[3]

Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

**Bargo v. Kuhns**, 98 A.3d 686, 689 (Pa. Super. 2014) (citation omitted).

Appellant argues that the trial court improperly found that the law of the case and coordinate jurisdiction doctrines barred re-consideration of the issues decided by Judge Schmehl in case no. 11-23934. (**See** Appellant's Brief, at 18). Specifically, Appellant claims that the law of the case doctrine and coordinate jurisdiction rules do not apply to bar its attempt to re-litigate the exact same complaint dismissed by Judge Schmehl because there was no opinion filed supporting his April 17, 2012 order and therefore, "the basis

---

[3] Appellant's brief fails to conform to Pennsylvania Rule of Procedure 2119(a), which requires that "[t]he argument shall be divided into as many parts as there are questions to be argued[.]" Pa.R.A.P. 2119(a); (**see** Appellant's Brief, at 2-5, 12-18) (addressing three questions, although raising eight issues in statement of questions involved). Therefore, we will only address Appellant's three issues as presented in the argument section of its brief. **See Daniel v. Wyeth Pharm., Inc.**, 15 A.3d 909, 915 n.6 (Pa. Super. 2011), *appeal dismissed as improvidently granted*, 82 A.3d 942 (Pa. 2013) (finding arguments omitted from argument section of brief waived). We have reordered Appellant's issues for ease of disposition.

of [Judge Schmehl's] decision is unknown." (**Id.**). This issue is waived and would not merit relief.

We first observe that Appellant provides no legal citation in support of its position. (**See id.**). Therefore, this issue is waived. **See** Pa.R.A.P. 2119(a)-(b); **see also Bombar v. W. Am. Ins. Co.**, 932 A.2d 78, 94 n.13 (Pa. Super. 2007) (finding issue waived for appellant's failure to cite authority). Moreover, this argument is specious where the April 17, 2012 order expressly dismissed Appellant's complaint on the bases of a prior pending action and the failure to join an indispensable party. (**See** Order, 4/17/12, at 1).

Additionally, we conclude that the trial court properly applied the law of the case and coordinate jurisdiction doctrines.

> This Court has recognized that under the coordinate jurisdiction rule, judges of coordinate jurisdiction sitting in the same case should not ordinarily overrule each other's decisions. The rule is one of sound jurisprudence based on a policy of fostering the finality of pre-trial applications in an effort to maintain judicial economy and efficiency. This rule applies to civil cases and it falls within the law of the case doctrine, which instructs that:
>
> > [A] court involved in the later phases of a litigated matter should not reopen questions decided by another judge of the same court or by a higher court in the earlier phases of the matter. Among the related but distinct rules which make up the law of the case doctrine are that: upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court.

***Kroptavich v. Penn. Power and Light Co.***, 795 A.2d 1048, 1054 (Pa. Super. 2002) (citations and quotation marks omitted).

Here, the trial court found, in pertinent part, that:

> In all salient respects, [Appellant's] prior case and the case *sub judice* are identical. . . . Judge Schmehl made his decision regarding the identical issues as those presented here and dismissed that case. [Appellant] did not appeal that decision or even file an amended complaint; instead, approximately one year later, [Appellant] filed the same type of complaint against the same parties and did not include Trotter as a defendant. The issues, as stated before, are now *res judicata*. It is axiomatic that parties who are unhappy with a decision must appeal the decision if they hope to redress it; however, they are not entitled to file a second action and hope for a different result. [Appellant] has a forum, Chester County, where he can litigate all issues and not engage in piecemeal litigation with the risk of obtaining conflicting outcomes.

(Trial Ct. Op., at 6). After a review of the record in this matter, we agree with the trial court.

The Chester County action still is pending. (***See id.*** at 2). The complaint filed in this case is a verbatim copy of the one dismissed in case no. 11-23934 on the bases of the prior pending action in Chester County and Appellant's failure to join an indispensable party. (***See*** Complaint, No. 11-23934, at 1-17; Complaint, No. 12-24790, at 1-17; Order, 4/17/12). Importantly, Appellant did not appeal the trial court's April 17, 2012 decision and it is not before us now. ***See*** Pa.R.A.P. 903(a) (providing that appeal must be filed within thirty days "after the entry of the order from which the appeal is taken").

Accordingly, we would conclude that the trial court properly found that, because the Chester County case still is pending, the law of the case doctrine and the coordinate jurisdiction rule precluded it from reviewing Appellant's identical complaint and reaching a different conclusion than that reached in the April 17, 2012 order. **See Kroptavich**, **supra** at 1054.[4] Accordingly Appellant's issue, even if not waived, would not merit relief.

Appellant also claims that the trial court erred in concluding, independent of the law of the case and coordinate jurisdiction rules, that the complaint does, in fact, violate the pending action doctrine and fails to include Trotter, an indispensable party. (**See** Appellant's Brief, at 12-18). We disagree.

> When two lawsuits are pending, the common law doctrine of *lis pendens* permits the dismissal of the newer suit if both suits involve the same parties, the same relief requested, the same causes of action, and the same rights asserted. One of the purposes of *lis pendens* is to protect a party from being forced to litigate the same issues in several suits at the same time. *Lis pendens* also serves the purpose of saving judicial resources. Likewise, *lis pendens* prevents the appearance of the inequitable administration of law that would occur if two cases litigating the same issues in different counties reached different results.

---

[4] Appellant acknowledges that the trial court had the discretion to dismiss its complaint. (**See** Appellant's Brief, at 14). It maintains, however that, "at most" the court should have stayed the Berks County case. (**Id.**). However, it provides no authority to support its claim that the court abused its discretion by ordering dismissal. Therefore, this argument is waived. **See Bombar**, **supra** at 94 n.13.

> [A]pplication of *lis pendens* is purely a question of law. Therefore, as to application of the doctrine, our scope of review is plenary. . . .

***Barren v. Commonwealth.***, 74 A.3d 250, 253 (Pa. Super. 2013) (citations and quotation marks omitted).

Further:

> Once the defense is raised, a court may dismiss or stay the subsequent proceedings. . . . [I]f the identity test is not strictly met but the action involves a set of circumstances where the litigation of two suits would create a duplication of effort on the part of the parties, waste judicial resources and create the unseemly spectacle of a race to judgment, the trial court may stay the later-filed action.

***Crutchfield v. Eaton Corp.***, 806 A.2d 1259, 1262 (Pa. Super. 2002) (citations and quotation marks omitted).

As to the failure to join an indispensable party, this Court has stated:

> An indispensable party is one whose rights or interests are so pervasively connected with the claims of the litigants that no relief can be granted without infringing on those rights or interests. The basic inquiry in determining indispensability concerns whether, in the absence of the person sought to be joined, justice can be done. Analysis of this claim requires reference to both the nature of the claim and the requested remedy.

***Jacobs v. Schultz-Jacob***, 923 A.2d 473, 480 (Pa. Super. 2007) (citations and quotation marks omitted).

Additionally, the Commonwealth Court[5] has observed:

---

[5] "[T]his Court is not bound by decisions of the Commonwealth Court. However, such decisions provide persuasive authority, and we may turn to
*(Footnote Continued Next Page)*

- 9 -

> the failure to join an indispensable party deprives the court of jurisdiction. In determining whether a party is indispensable to the action, we are guided by the following criteria enunciated by our Supreme Court . . . :
>
> 1. Do absent parties have a right or interest related to the claim?
>
> 2. If so, what is the nature of the right or interest?
>
> 3. Is that right or interest essential to the merits of the issue?
>
> 4. Can justice be afforded without violating due process rights of absent parties?

***Bristol Twp. Water Auth. v. Lower Bucks County Joint Mun. Auth.***,

567 A.2d 1110, 1112-113 (Pa. Cmwlth. 1989) (citations omitted).

In the present case, the Chester County action was pending at the time the trial court dismissed Appellant's complaint. (**See** Trial Ct. Op., at 2). Additionally, a review of the complaints reveals that the material allegations supporting both of them are the same where Appellant claims that Appellees' actions, in complicity with Trotter, formed the basis for relief. (**See** Complaint, No. 12-24790, at 1-18; Chester County Complaint, at 1-8). In fact, Appellant admits that Appellees' actions formed the basis of its lawsuit against Trotter in Chester County. (**See** Appellant's Brief, at 16). Finally, both complaints seek compensatory and punitive damages, with the Berks County complaint differing only in that it also seeks the return of the

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

our colleagues on the Commonwealth Court for guidance when appropriate." ***Haan v. Wells***, 2014 WL 5018462, at *12 n.2 (Pa. Super. filed Oct. 8, 2014) (citation omitted).

alleged proprietary information possessed by Appellees and their termination by Trotter. (*See* Complaint, No. 12-24790, at 10-11, 13-16; Chester County Complaint, at 9). Therefore, the trial court properly found that the prior pending action doctrine applies to this case. *See Barren*, *supra* at 253; *Crutchfield*, *supra* at 1262.

Also, Appellant's complaint alleged that Appellees acted on Trotter's solicitation, at its discretion, and for its benefit. (*See* Complaint, No. 12-24790, at 8-9 ¶¶ 58-59, 10 ¶¶ 68-70, 11-12 ¶¶ 73-80, 14 ¶ 83, 16 ¶ 93). Trotter is identified as a conspirator in the complaint, which seeks damages from Appellees on this basis. (*See id.* at 16 ¶ 93). Appellant also sought to have Appellees terminated by Trotter and the return of information that is now in Trotter's possession. (*See id.* at 10-11, 13-16). Finally, Appellant would need access to Trotter's confidential proprietary financial documents and sales information to calculate the alleged forfeiture of profits it sought. (*See id.*). Accordingly, the trial court properly found that Trotter was an indispensable party because, "in [its] absence . . . justice [could not] be done." *Jacobs*, *supra* at 480; *see also Bristol Twp. Water Auth.*, *supra* at 1112-113.

Based on the foregoing, we conclude that the trial court correcly applied the doctrines of coordinate jurisdiction and law of the case. *See Kroptovich*, *supra* at 1054. Moreover, even if the trial court had improperly applied these rules it did not err when it sustained Appellees'

preliminary objections on the bases of a prior pending action and Appellant's failure to join an indispensable party.  *See Bargo*, *supra* at 689; *see also Barren*, *supra* at 253; *Jacobs*, *supra* at 480; *Crutchfield*, *supra* at 1262; *Bristol Tp. Water Auth.*, *supra* at 1112-113.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2014