J-A04008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| KITE INVESTMENT GROUP, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| ELYSSE R. TEICHMAN | |
| Appellee | No. 1460 EDA 2020 |

Appeal from the Order Entered July 17, 2020
In the Court of Common Pleas of Lehigh County
Civil Division at No.: No. 2020-C-0942

BEFORE:  STABILE, J., KING, J., and PELLEGRINI, J.*

MEMORANDUM BY STABILE, J.:                    Filed: May 13, 2021

Appellant Kite Investment Group, LLC ("Kite") appeals from the July 17, 2020 order entered in the Court of Common Pleas of Lehigh County ("trial court"), which, following reconsideration, re-affirmed its June 2, 2020 order sustaining Appellee Elysse R. Teichman's (hereinafter "Wife") preliminary objections and dismissing Appellant's complaint.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.[1]  Kite is a Pennsylvania limited liability company that is owned jointly and solely by Wife and Dr. Adam J. Teichman ("Husband").  Kite is engaged in the leasing of real estate and owns the property located at 505 4th Avenue, Bethlehem, Lehigh

_____

* Retired Senior Judge assigned to the Superior Court.

[1] Unless otherwise specified, these facts come from the trial court's July 17, 2020 decision filed pursuant to Pa.R.A.P. 1925(a).

County, Pennsylvania (the "Property").[2]  Husband and Wife are in the midst

of a divorce, docketed at No. 2016-FC-1647 (the "Divorce Action").

At a January 10, 2020, hearing before the divorce master, the parties

agreed orally on the record to the terms of a property settlement agreement.

The divorce master stated:

> [C]ounsel have indicated that that the parties have reached a resolution as to all of the claims raised in the divorce action except for one discrete area which is going to be tax-related.  So what we're going to do now is I'm going to turn it over to counsel. Everybody's in the courtroom right now.  They're going to recite the terms of what we think the agreement is between the parties regarding the divorce and the economic claims, everything but for the tax issue, and we're going to also set forth the tax issue so we can lay out the parameters of what we are setting aside so we know what is resolved and what is not resolved.  And then [Wife's attorney] is going to follow this up, this recitation, with the drafting of a written property settlement agreement which he's going to have reviewed by his client and then ostensibly sent to [H]usband's counsel for him to review.  And then the parties are going to try to get on the same page about that language and sign the agreement, which would then be filed of record and incorporated into a divorce decree.
>
>  . . . .
>
> So my point is to the parties that what you are saying, you're listening to today and agreeing to today on the record, is binding. If [Wife's attorney] drafts something and there's dispute, we will rely on what's said today as the guidepost for that and you are bound by it.  You cannot change your mind after today. So this is it.

---

[2] The Property is divided into two residential rental units, which are leased separately.

Hearing, 1/10/20, at 3-5. Immediately thereafter, with respect to Kite, Wife's attorney summarized the parties' agreement.

> The next asset is Kite Investment Group LLC. That is also a partnership owned 50 percent by [H]usband and 50 percent by [W]ife. The parties have agreed as follows with regard to Kite properties: Wife will retain the [P]roperty[, located] at 505 Fourth Avenue, Bethlehem. I will prepare a deed transferring [the] [P]roperty. I'll have to work with real estate counsel because going from a partnership to an individual there may be some tax issues and I don't know how to handle that situation, but [Wife] will have **90 days from the execution of the property settlement agreement** to refinance th[e] [P]roperty.
>
> It is my understanding from speaking to [Husband's counsel] that [Husband] would like [Wife] to commence managing th[e] [P]roperty effective immediately, so any rents that have been received for January 2020 shall be immediately turned over to [Wife]. [Husband] will also provide any and all documents related to [the Property], including leases, insurance policies, keys, and any other documents that [W]ife may require in order to assume ownership and management of th[e] [P]roperty and for purposes of refinancing.
>
> Husband will retain the remaining Kite Investment Properties including the real estate as follows: 5934 Valley Forge Drive, Coopersburg; 5940 Valley Forge Drive, Coopersburg; 5942 Valley Forge Drive, Coopersburg; and 5956 Valley Forge Drive, Coopersburg. [Husband] and/or counsel will prepare deeds for those properties which [Wife] will sign. Those deeds will be held in my office pending [H]usband's refinancing. That refinancing is to occur **within 90 days of execution of a property settlement agreement**. To the extent [W]ife has any documents related to those properties, they will be turned over to [H]usband. It is my understanding that [H]usband has been managing those properties, so he has all the financial documents for those properties.
>
> Kite Investment Group also has two I believe Embassy Bank accounts[.] . . . [Husband] has agreed that he will turn over to [W]ife the security deposits for the two units located at 505 Fourth Avenue [(the Property)]. That will be done say **within seven days of the execution of a property settlement agreement**.

The remaining balance of those accounts are assigned to [H]usband and [W]ife waives any right to any claim or interest to those accounts.

*Id.* at 14-16 (emphasis added). Thereafter, Husband's counsel remarked: "I believe it's the agreement of the parties that independent of the real estate, even though the entity itself, [Husband] will retain ownership of, shall be considered the sole owner of, and any document necessary to effectuate that would be executed by the parties in a ***timely fashion***." *Id.* at 17 (emphasis added). Wife's counsel agreed, indicating that this applied to all "corporate documents or partnership documents that need to be signed[.]" *Id.*

Because of issues relating to other items of marital property, the parties ***never executed*** the contemplated property settlement agreement. On March 26, 2020, Kite filed a civil complaint against Wife, raising causes of action for breach of contract and conversion, and seeking declaratory relief. Kite alleged, among other things, that "[Husband] and [Wife] attended a [m]aster's [h]earing where they entered into a settlement on January 10, 2020, addressing, *inter alia*, disposition of the Property." Complaint, 3/26/20, at ¶ 7. Kite further alleged that that "[p]ursuant to the settlement, [Husband] and [Wife] agreed, individually and on behalf of [Kite], that [Wife] would retain the Property and would obtain refinancing and acquire the deed (via transfer from [Kite]) within ninety (90) days." *Id.* at ¶ 8. Moreover, Kite alleged that "pursuant to the settlement, [Wife] was to immediately commence managing the Property, including but not limited to collecting rents, paying the mortgage, and paying utilities and other expenses related"

thereto. *Id.* at ¶ 9. Kite also alleged that "[d]espite the terms of [Husband] and [Wife's] settlement in the [Divorce Action], [Wife] has commenced collecting rent from the tenants at the Property but has refused to pay expenses associated with the Property included but not limited to the mortgage and ongoing utility costs and expenses." *Id.* at ¶ 10. According to Kite's allegation, Wife collected a total of $6,386.31 in rental income from January 2020 to March 2020. *Id.* at ¶ 11. Finally, Kite alleged that Wife has failed to pay the Property's mortgage and utilities, exceeding $5000.00. *Id.* at ¶ 12.

In response, Wife filed preliminary objections asserting, *inter alia*, pendency of a prior action under Pa.R.C.P. No. 1028(a)(6).[3] She argued that the instant action was related to the Divorce Action and thus it must be resolved by the divorce court. Preliminary Objections, 4/6/20, at ¶¶ 15-17.

On June 2, ,2020, the trial court sustained Wife's preliminary objections and dismissed the complaint. On June 11, 2020, Kite sought reconsideration. On June 30, 2020, Kite appealed the June 2 order. During the pendency of the appeal, but within 30 days of the June 2 order, the trial court granted

_____

[3] Rule 1028 provides in pertinent part:

> (a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:
>
>     . . . .
>
> > (6) pendency of a prior action or agreement for alternative dispute resolution[.]

Pa.R.C.P. No. 1028(a)(6).

- 5 -

reconsideration on July 2, 2020. On July 17, 2020, the trial court re-affirmed its June 2, 2020 order, sustaining Wife's preliminary objections.[4] Kite filed the instant appeal. Both Kite and the trial court complied with Pa.R.A.P. 1925.

On appeal, Kite raises a single issue for our review:

> Did the lower court err in concluding that the pendency of the prior action doctrine was applicable to this case, therefore sustaining [Wife's] preliminary objections and dismissing [Kite's] complaint?

Appellant's Brief at 5 (unnecessary capitalizations omitted).

Our standard of review for an order sustaining preliminary objections is well settled.

> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

**Brosovic v. Nationwide Mut. Ins.**, 841 A.2d 1071, 1073 (Pa. Super. 2004) (quoting **Clemleddy Const., Inc v. Yorston**, 810 A.2d 693, 696 (Pa. Super. 2002)).

To successfully assert *lis pendens*, *i.e.*, the pendency of a prior action, it must be shown that (1) the prior case is the same; (2) the parties are the

---

[4] We *sua sponte* quashed Kite's appeal filed on June 30, 2020.

same; and (3) the relief requested is the same. ***Richner v. McCance***, 13 A.3d 950, 957-58 (Pa. Super. 2011). The purpose of the *lis pendens* defense is to protect a defendant from harassment by having to defend several suits on the same cause of action at the same time. ***Crutchfield v. Eaton Corp.***, 806 A.2d 1259, 1262 (Pa. Super. 2002). Significantly, "[t]he doctrine of *lis pendens* requires that the prior action be pending." ***Id.***

Here, based upon our review of the record, we cannot conclude that the trial court erred in sustaining Wife's preliminary objections asserting the *lis pendens* doctrine.[5] As detailed above, on January 10, 2020, in the Divorce Action, Husband and Wife stipulated before a divorce master that Wife would have full ownership of the Property, refinance and assume the current mortgage obligations on the Property within ninety days of the execution of a property settlement agreement, and manage the Property, including paying expenses and collecting monthly rental income beginning in January 2020. Because of a dispute concerning other items of marital property, the parties failed to execute a property settlement agreement. As a result, believing Wife neglected to honor her obligations under the terms of the agreement reached

---

[5] We decline to entertain Kite's argument that the divorce court refused to address Wife's failure to honor her obligations relating to Kite. Appellant's Brief at 15. As Wife correctly points out, and our review confirm, "the record is devoid of any evidence that these claims were ever brought before the Divorce Master in the context of the divorce action." Wife's Brief at 19.

before the divorce master in the Divorce Action, Kite brought the instant action.[6]

As the trial court accurately noted, under the *lis pendens* doctrine, it was barred from considering the instant action.

> The parties' agreement was entered within the context of their pending divorce case to partially distribute a marital asset. The asset, Kite, is owned by Husband or Husband and Wife; neither party claims any other person or entity has an equitable interest in it. Whether Kite is a marital asset and, if so, how it is to be managed pending equitable distribution is properly before the Master in Divorce.

Trial Court Opinion, 7/17/20, at 2. Tellingly, the remedies sought by Kite,[7] through Husband, are available before the divorce court. Section 3502 of the Divorce Code provides in relevant part:

> **(e) Powers of the court.--**If, at any time, a party has failed to comply with an order of equitable distribution, as provided for in this chapter **or with the terms of an agreement as entered into between the parties**, after hearing, the court may, **in addition to any other remedy available** under this part, in order to effect compliance with its order:
>
> > (1) enter judgment;
> >
> > **(2) authorize the taking and seizure of the goods and chattels and collection of the rents and profits of the real and personal, tangible and intangible property of the party**;

---

[6] To the extent Kite claims that Husband is now the sole member of Kite, we need not resolve the claim at this juncture, where we are asked only to rule on a discrete procedural issue. Thus, the divorce court is in the best position to resolve this ownership dispute.

[7] It bears repeating that Kite is a marital asset that is subject to equitable distribution.

(3) award interest on unpaid installments;

**(4) order and direct the transfer or sale of any property required in order to comply with the court's order**;

(5) require security to insure future payments in compliance with the court's order;

(6) issue attachment proceedings, directed to the sheriff or other proper officer of the county, directing that the person named as having failed to comply with the court order be brought before the court, at such time as the court may direct. If the court finds, after hearing, that the person willfully failed to comply with the court order, it may deem the person in civil contempt of court and, in its discretion, make an appropriate order, including, but not limited to, commitment of the person to the county jail for a period not to exceed six months;

(7) award counsel fees and costs;

(8) attach wages; or

(9) find the party in contempt.

23 Pa.C.S.A. § 3502(e) (emphasis added). The issues raised in this action, which arose as a result of Wife's alleged failure to comply with the terms of the property settlement agreement, are the same as the issues addressed in the context of equitable distribution before the divorce court. The parties in this action, Kite—a marital asset and acting in Husband's interest—and Wife are the same as the parties (Husband and Wife) in the Divorce Action. The relief requested here is one that the divorce court has the power to grant

under Section 3502(e) in the pending Divorce Action.[8]  Accordingly, Kite does not obtain relief.[9]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/13/21

---

[8] We express no opinion on the merits of Kite's claims against Wife.

[9] We reject Wife's request to (1) quash the instant appeal on account of Kite's failure to file timely a brief and reproduced record, and (2) award her attorney's fees under Pa.R.A.P. 2744.  We excuse Kite's untimely appellate brief.  We also cannot conclude, based on our review of this case, that this appeal is "frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate, or vexatious."  Pa.R.A.P. 2744.