# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Omar A. Rahman,                               :
                          Petitioner          :
                                              :
            v.                                :    No. 2 M.D. 2022
                                              :    SUBMITTED:  February 24, 2023
Security Department of SCI Smithfield         :
Pennsylvania State Police Crime Lab,          :
                          Respondents         :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  July 14, 2023**

Before this Court in our original jurisdiction are the preliminary objections in the nature of a demurrer filed by Respondent, Pennsylvania State Police Crime Lab (PSP), to the complaint in mandamus[1] (petition for review) of *pro se* petitioner Omar A. Rahman.[2]  We sustain the preliminary objections and dismiss Rahman's petition for review with prejudice.[3]

In December 2021, Rahman filed a petition for review in the Superior Court of Pennsylvania seeking mandamus relief in the form of an order directing the

---

[1] This Court will treat the complaint in mandamus as a petition for review addressed to our original jurisdiction pursuant to Section 761 of the Judicial Code, 42 Pa.C.S. § 761, and Pa.R.A.P. 1502.

[2] This Court issued an order directing Rahman to file a brief on or before September 20, 2022, and advising him that his failure to do so would result in consideration of this matter without his brief.  In light of his failure to comply, we consider this matter without his brief.

[3] Respondent Security Department of SCI Smithfield did not file preliminary objections.

return of property and monetary damages against Respondents.[4] The gravamen of the petition for review is that staff at SCI-Smithfield seized Rahman's property in the form of mail as evidence in the course of a criminal investigation, submitted it to PSP for forensic testing, and failed to return his property. (Pet. for Rev., ¶¶ 6-8.) Rahman avers that PSP has a duty to return any evidence that is not determined to be the fruits of any wrongdoing and that Security Department at SCI-Smithfield has a duty to ensure that any confiscated property be returned or that he be reimbursed for that property. (*Id*., ¶ 18.)

Before filing the instant petition for review, Rahman filed a January 2021 motion for return of property pertaining to the same seized property in the Court of Common Pleas of Huntingdon County. (*Id*., ¶ 14.) He avers that Respondents failed to respond to his motion. (*Id*., ¶ 15.) Rahman also avers that he erroneously filed a petition for a writ of mandamus in the Supreme Court of Pennsylvania seeking damages and the return of his property, which was denied. (*Id*., ¶ 16 and App. H.)

In January 2022, PSP filed preliminary objections to the instant petition for review averring that (1) the Commonwealth Court lacks jurisdiction over this matter; (2) the petition for review is legally insufficient; and (3) there is a prior pending action in common pleas court. In ruling upon preliminary objections in the nature of a demurrer, this Court must accept as true all well-pled facts and all reasonable inferences deducible therefrom, and it must determine whether the facts pled are legally sufficient to permit the action to continue. *Altoona Housing Auth. v. City of Altoona*, 785 A.2d 1047 (Pa. Cmwlth. 2001). We are not required, however, to accept conclusions of law or expressions of opinion. *Pa. Div.,*

---

[4] In January 2022, the Superior Court transferred the case to this Court.

*Horsemen's Benevolent & Protective Ass'n, Inc. v. Mountainview Thoroughbred Racing Ass'n*, 855 A.2d 957 (Pa. Cmwlth. 2004). In that a demurrer results in the dismissal of a suit, it should be sustained only in cases that are clear and free from doubt and only where it appears with certainty that the law permits no recovery under the allegations pleaded. *Id.*

As PSP maintains, this Court lacks jurisdiction over this matter. Section 5806(a)(1) of the Judicial Code provides: "A person aggrieved by a search and seizure may move for the return of the property seized by filing a motion in the court of common pleas in the judicial district where the property is located." 42 Pa.C.S. § 5806(a)(1). In addition, Rule 588 of the Pennsylvania Rules of Criminal Procedure, in pertinent part, provides:

> A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

Pa.R.Crim.P. 588(A). As this Court determined in an analogous case, subject matter jurisdiction is vested in the courts of common pleas. *Green v. Pa. State Police* (Pa. Cmwlth., No. 349 M.D. 2020, filed August 6, 2021).[5] Accordingly, this matter is dismissed as to both respondents for lack of jurisdiction.[6]

---

[5] While not binding, unreported panel decisions of this Court issued after January 15, 2008 may be cited for their persuasive value. *See* Pa.R.A.P. 126(b)(1); 210 Pa. Code § 69.414(a).

[6] "[Q]uestions of jurisdiction can never be waived, and may be raised any time by the parties or *sua sponte* by [the] court." *Pennhurst Med. Grp., P.C. v. Dep't of Pub. Welfare*, 796 A.2d 423, 425 n.2 (Pa. Cmwlth. 2002). Where dismissal is based on lack of jurisdiction, it applies to all parties.

In addition, the averments of the petition for review are legally insufficient to establish a right to mandamus relief. "It is well settled that mandamus is an extraordinary writ which lies to compel performance of a ministerial act or mandatory duty where there is a clear legal right in the petitioner, a corresponding duty in the respondent, and a want of any other appropriate and adequate remedy." *Cooper v. City of Greensburg*, 363 A.2d 813, 815 (Pa. Cmwlth. 1976). "The purpose of mandamus is not to establish legal rights but only to enforce those legal rights that have already been established." *Orange Stones Co. v. City of Reading, Zoning Hearing Bd.*, 32 A.3d 287, 290 (Pa. Cmwlth. 2011). "Mandamus will lie only to compel public officials to perform their duties in accordance with the law [when] those duties are ministerial in character and not discretionary." *Rakus v. Robinson*, 382 A.2d 770, 772 (Pa. Cmwlth. 1978) [citing *Rose Tree Media Sch. Dist. v. Dep't of Pub. Instruction*, 244 A.2d 754 (Pa. 1968)]. Here, Rahman has not established that he is legally entitled to return of the previously seized property, that PSP still retains the property, or that PSP has any duty to return the property to him. In addition, he has a clear remedy at law in the form of his motion for return of property.

Moreover, as Rahman acknowledges, there is a prior pending action in common pleas court in the form of the motion for return of property. The pendency of a prior action, known as the doctrine of *lis pendens*, is a valid ground for the dismissal of a later filed action where the parties, the causes of action, and the relief are the same in both actions. *Cellucci v. Laurel Homeowners Ass'n*, 142 A.3d 1032, 1046 (Pa. Cmwlth. 2016). The purpose of the defense is to protect a defendant from having to defend multiple suits on the same cause of action at the same time. *Crutchfield v. Eaton Corp.*, 806 A.2d 1259, 1262 (Pa. Super. 2022). The applicability of the doctrine is a question of law that can be ascertained from

4

examining the pleadings. *Id.* As the pleadings at issue reflect, the motion for return of property before common pleas court[7] and the instant petition for review are essentially identical. In both cases, Rahman seeks the return of his property in the form of mail seized by SCI-Smithfield, both SCI-Smithfield and PSP are parties,[8] and the requested relief is essentially the same. Accordingly, the doctrine of *lis pendens* applies, warranting dismissal of the subsequently filed petition for review.

Finally, Rahman has failed to exhaust his statutory remedies. As noted, Section 5806 of the Judicial Code sets forth the process by which individuals "aggrieved by a search and seizure" may seek the return of their property. Accordingly, he must pursue the statutory remedy provided by the General Assembly. *Wolk v. Sch. Dist. of Lower Merion*, 228 A.3d 595, 605 (Pa. Cmwlth. 2020).

Accordingly, we sustain the preliminary objections and dismiss Rahman's petition for review, with prejudice.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[7] (PSP's Prelim. Objs., Exs. A and B.)

[8] While it is true that the Huntingdon County District Attorney is also a party to the pending motion for return of property, its inclusion does not change our analysis in the instant case.

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Omar A. Rahman,               :
             Petitioner     :
                         :
          v.              :    No. 2 M.D. 2022
                         :
Security Department of SCI Smithfield   :
Pennsylvania State Police Crime Lab,    :
           Respondents   :

# **O R D E R**

AND NOW, this 14th day of July, 2023, the preliminary objections of Respondent, Pennsylvania State Police Crime Lab, are hereby SUSTAINED. The petition for review of Petitioner, Omar A. Rahman, is hereby DISMSSED with prejudice as to both Respondents.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita