J-S48044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| ANTON C. STEWART, | : | |
| Appellant | : | No. 335 EDA 2019 |

Appeal from the PCRA Order Entered November 9, 2018
in the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0002791-2017

BEFORE:   BOWES, J., SHOGAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED SEPTEMBER 25, 2019**

Anton C. Stewart (Appellant) appeals *pro se* from the order entered November 9, 2018, dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review, we quash this appeal.

The PCRA court derived the following facts as set forth by the Commonwealth at Appellant's guilty plea/sentencing hearing on August 1, 2017.

> On February 25, 2017, Quakertown Borough Police responded to Appellant's home due to a report of domestic violence.  When the police arrived, they found Appellant standing behind [a pick-up truck,] with his two children, a three-year-old and a seven-month-old, unsecured [in the vehicle].  [A]ppellant was trying to leave with the children and go to Florida.  When Appellant tried to go back inside the house, an officer blocked Appellant's way and pointed to [] Appellant to get back.  []

* Retired Senior Judge assigned to the Superior Court.

Appellant ignored the order and then attempted to bite the officer's finger. Prior to the police responding to the report, Appellant had punched his girlfriend on the butt multiple times to get her to tend to their seven-month-old child. After she had responded to the child, [] Appellant punched her again. At one point[,] Appellant put his hand over his girlfriend's face trying to suffocate her and telling her to die. Additionally, Appellant pushed his girlfriend into a bar-top table causing a bruise on her knee. Also in the same incident, Appellant pushed her into a corner and said he was going to kill her.

PCRA Court Opinion, 3/22/2019, at 1-2 (citations to the record and footnote omitted).

On August 1, 2017, Appellant appeared before the trial court to enter into an open guilty plea and be sentenced. He pleaded guilty to two counts each of terroristic threats, simple assault, and disorderly conduct, and one count of endangering the welfare of a child. The trial court sentenced Appellant to an aggregate term of 18 to 48 months of incarceration to be followed by 10 years of probation. Neither a post-sentence motion nor a direct appeal was filed.

On June 7, 2018, Appellant *pro se* filed a PCRA petition. On July 10, 2018, the PCRA court appointed counsel on Appellant's behalf. On September 24, 2018, PCRA counsel filed a no-merit letter and petition to withdraw as counsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On September 27, 2018, the PCRA court granted counsel's petition to withdraw and issued notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant responded, arguing that

PCRA counsel had provided ineffective assistance. On November 9, 2018, the PCRA court dismissed Appellant's PCRA petition.

On December 17, 2018, the clerk of courts docketed Appellant's notice of appeal,[1] and on February 11, 2019, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal within 21 days. On March 22, 2019, having not received a concise statement from Appellant, the PCRA court filed an opinion. The PCRA court urged this Court to quash Appellant's appeal as being an untimely appeal from his August 1, 2017 judgment of sentence. PCRA Court Opinion, 3/22/2019, at 4. In the alternative, the PCRA court suggested we conclude Appellant's issues are waived for failing to file timely a Pa.R.A.P. 1925(b) statement. *Id*. On April 4, 2019, Appellant filed a concise statement.

Based on the foregoing procedural history and before we reach the issues presented on appeal, we consider whether we must quash this appeal as being untimely filed. *See Commonwealth v. DiClaudio*, 210 A.3d 1070 (Pa. Super. 2019). "It is well settled that the timeliness of an appeal implicates our jurisdiction[.] Jurisdiction is vested in the Superior Court upon the filing

---

[1] The notice of appeal stated that Appellant is appealing "the judgment of [his] sentence." Notice of Appeal, 12/17/2018. However, he did not attach to the appeal the docket entry containing the order or judgment from which he was appealing in violation of Pa.R.A.P. 904(d) ("The notice of appeal shall include a statement that the order appealed from has been entered on the docket. A copy of the docket entry showing the entry of the order appealed from shall be attached to the notice of appeal."). However, in his docketing statement provided to this Court, Appellant states that he is appealing a PCRA order. Docketing Statement, 2/25/2019, at 1. We address this issue *infra*.

of a timely notice of appeal." ***Commonwealth v. Crawford***, 17 A.3d 1279, 1281 (Pa. Super. 2011) (internal citation and quotation marks omitted). A notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a).

Instantly, Appellant was sentenced on August 1, 2017, and he did not file a post-sentence motion. Thus, he was required to file a notice of appeal from his judgment of sentence no later than August 31, 2017. Pa.R.Crim.P. 720(A)(3). This appeal, docketed on December 17, 2018, is clearly untimely, being well over one year late, to the extent Appellant was appealing his judgment of sentence. However, because this appeal can also be read as an appeal from an order denying Appellant's PCRA petition, we also evaluate the timeliness of an appeal from that order.

The order dismissing Appellant's PCRA petition was filed on November 9, 2018.[2] Thus, a notice of appeal had to be filed within 30 days, by December 10, 2018. Appellant's notice of appeal was docketed by the clerk of courts on December 17, 2018, one week after the expiration of the time to file timely a notice of appeal. However, "[u]nder the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing." ***Crawford***, 17 A.3d at 1281; ***see also*** Pa.R.A.P. 121(a) ("A *pro se* filing submitted by a prisoner incarcerated in a correctional facility is deemed

---

[2] The order is dated November 8, 2018, but was not entered onto the docket until November 9, 2018. Thus, we use the November 9, 2018 date. ***See*** Pa.R.A.P. 108(a)(1), (d)(1).

filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox, as evidenced by a properly executed prisoner cash slip or other reasonably verifiable evidence of the date that the prisoner deposited the *pro se* filing with the prison authorities."). "To avail himself of the prisoner mailbox rule, however, an incarcerated litigant must supply sufficient proof of the date of mailing." ***Thomas v. Elash***, 781 A.2d 170, 176 (Pa. Super. 2001).

> Whether appellant actually deposited the notice in the prison mail system by [the due date] is a factual question. Accordingly, a dispute over this issue may warrant remand for an evidentiary hearing. Where, however, the opposing party does not challenge the timeliness of the appeal and the prisoner's assertion of timeliness is plausible, we may find the appeal timely without remand.

***Commonwealth v. Cooper***, 710 A.2d 76, 79 (Pa. Super. 1998) (internal citation omitted).

Instantly, the Commonwealth has challenged the timeliness of this appeal.[3] Commonwealth's Brief at 10. In addition, the record as to Appellant's position with respect to when he delivered this appeal to prison officials is murky. Appellant's notice of appeal is dated November 26, 2018. In his brief on appeal, Appellant sets forth several contradictory assertions. In certain sections, he states that he filed this appeal on "December 17, 2018."

_____

[3] As noted *supra*, the PCRA court addressed timeliness, but only to the extent Appellant was appealing from his judgment of sentence.

Appellant's Brief at 3, 8. Appellant also inartfully sets forth his reliance on the prisoner mailbox rule, by arguing the following.

> In an abundance of Caution this Superior Court 'shall' be aware of the [fact] that this is "NOT" a Direct Appeal from Judgment of Sentence, but an appeal from the denial of Appellant's 'timely' [filed] Post[-]Conviction Relief Petition; in opposition the Judge Bateman's presentation that the PCRA denial was on November 8, 2018, and that Stewart did "NOT" [file] the Notice of Appeal until December 17, 2018, is incorrectly applied [because] although Judge Bateman is correct that the Notice of Appeal was "NOT" entered until December 17, 2018, again "ENTERED" Stewart in [fact] did [file] such on the [date] of, December 7, 2018, one-day prior to the Appellate Court's (30)-day window in which to appeal, in which Stewart is in [fact] protected by the Mail[-]Box rule, thus the entering of the Appeal is "NOT" on Stewart but the Buck's County Clerk/Prothonotary's office in it's entry of the Notice of Appeal, thus Judge Bateman's reasoning is also "MOOT".

Appellant's Brief at 10 (*verbatim*).

Based on the foregoing, it appears that Appellant is asserting, without articulating any evidence whatsoever, that we should consider this appeal as having been filed timely on December 7, 2018. To resolve this prisoner-mailbox issue, we examine the relevant case law.

In **Commonwealth v. Perez**, 799 A.2d 848 (Pa. Super. 2002), this Court held that Perez satisfied the prisoner mailbox rule for an appeal due on July 20, 2001, but not docketed until July 26, 2001, where he dated his notice of appeal July 15, 2001, and he submitted a copy of a certified mail receipt demonstrating that it was sent to the clerk of courts on July 16, 2001. Thus, it is clear that because there was some verifiable evidence that Perez delivered

his notice of appeal to prison authorities prior to the due date, this Court accepted it.

This Court has also accepted reasonable date-based explanations. In **Commonwealth v. Patterson**, 931 A.2d 710 (Pa. Super. 2007), this Court held that Patterson timely filed his notice of appeal which was due by Friday, September 22, 2006, but not docketed until Monday, September 25, 2006. There was no envelope available as proof, but the notice was dated September 20, 2006, and September 23 and 24 were weekend days, so this Court concluded it was "likely that Patterson mailed his notice of appeal on or before September 22nd." **Id**. at 714. Thus, this Court deemed the appeal timely filed.

In **Sweeney v. Pa. Bd. of Probation and Parole**, 955 A.2d 501 (Pa. Cmwlth. 2008), the Commonwealth Court[4] held that remand for an evidentiary hearing was required. In that case, Sweeney's notice of appeal was due on June 22, 2007, was postmarked on June 25, 2007, and was filed on June 28, 2007. However, the Commonwealth Court concluded that Sweeney was entitled to a hearing because he alleged "he can produce witnesses to verify his date of mailing" and because "the envelope used in this case contains two

---

[4] "Although decisions by the Commonwealth Court are not binding on this Court, we may adopt their analysis." **Barren v. Commonwealth**, 74 A.3d 250, 254 (Pa. Super. 2013).

different postmarks." *Id*. at 503. Thus, the Commonwealth Court remanded for an evidentiary hearing to permit Sweeney to produce this evidence.

Upon review of the record before us, we conclude that Appellant has not offered any evidence which would permit us to conclude that he has satisfied the strictures of the prisoner mailbox rule. Nor has he satisfied us that, if given the opportunity to present evidence, he would be able to do so. He has not asserted that he is in possession of a cash slip or proof of mailing or delivery to prison officials. He does not claim that he knows of a witness who could testify on his behalf. This appeal, which was docketed over one week late, was not delayed by a holiday[5] or weekend. Accordingly, even if we were to remand for a hearing, it would be futile under these circumstances. Thus, we conclude that Appellant is not entitled to the benefit of the prisoner mailbox rule, his notice of appeal was untimely filed, and we quash this appeal.[6]

Appeal quashed.

---

[5] Thanksgiving was Thursday, November 22, 2018. Thus, even if Appellant submitted the notice of appeal on November 26, 2018, when the notice was dated, Thanksgiving would not have interfered with the mailing.

[6] Even if we were not to quash this appeal, we would conclude that Appellant has waived all issues for review by failing to file timely a Pa.R.A.P. 1925(b) statement. *See Commonwealth v. Hill*, 16 A.3d 484 (Pa. 2011) (holding failure to comply with a court's order to file a Rule 1925(b) statement results in waiver of all issues on appeal). Instantly, the PCRA court entered an order on February 11, 2019, requiring Appellant to file a Rule 1925(b) statement in 21 days, by March 4, 2019. Appellant's Rule 1925(b) statement was filed on April 4, 2019, and the certified record includes an envelope from Appellant to the clerk of courts postmarked on April 2, 2019. Thus, Appellant's Rule 1925(b) statement was filed in an untimely fashion, and Appellant has waived all issues on appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/25/19